## The County of Susquehanna *versus* Deans *et al.*

Public rights cannot be destroyed by long-continued encroachments, unless the possession has continued so long, that the party may put his title on the ground of prescription.

The authorities of a borough cannot, by repeated acts of trespass on the property of the county, acquire a title thereto, under the Statute of Limitations, as against the county.

Permissive trespasses, however long-continued, never raise the presumption of a grant, as against an individual; much less, as against a public body.

ERROR to the Common Pleas of *Susquehanna county*.

This was an action of trespass *quare clausum fregit* by the County of Susquehanna against James Deans and George Keeler, wherein the parties agreed upon the following case stated, to be considered as a special verdict:—

On the 24th day of July 1812, Isaac Post was the owner in fee of the *locus in quo*, and on that day, by his deed, duly executed and acknowledged, and recorded in Deed Book No. 1, page 95 (which deed, a copy being annexed, is made a part of this case), granted and conveyed unto Thomas Parke, Hosea Tiffany, and Asa Dimock, trustees of the county of Susquehanna, *inter alia*, " one public lot containing ten acres, to be appropriated to the use of the public buildings of the county of Susquehanna aforesaid, and for an academy, and for the erection of a church or churches."

That upon said lot, near the centre thereof, and fronting upon the south side and the public avenue, in 1812, the county commissioners erected a court-house; that subsequently a jail was thereon erected, and also an academy, a church, and a public school-house. That at the north or back end of said public lot, was (in 1812) a high and steep ledge of rocks projecting a long distance into said public lot, which has always since that time been known as the "*public square*." That said ledge was and is a considerable distance from the said public buildings; and the acts of the defendants complained of, in no way interfere with the use and enjoyment of said buildings.

The borough of Montrose was erected by an Act of Assembly, passed the 29th day of March 1824; and the said statute is made a part of this case. That the town council of the said borough have, from time to time, claimed and exercised control of said " public square," and have authorized from year to year, from the time of said incorporation, the quarrying of stone and the removal of earth and gravel from the said ledge, for the purposes of side walks and of mending and repairing the streets and roads of the said borough; and that up to the time of the notice hereafter men-

[*The County of Susquehanna v. Deans et al.*]

tioned, no objection had ever been made thereto. That the defendants are the street commissioners of the said borough, duly appointed and acting as such; and the acts and trespass complained of were done by the defendants in the pursuance of their business as street commissioners, and the stones and gravel dug and the stones quarried, were used for the purpose of mending the roads and repairing the side walks of the said borough. That the said town council authorized and required the said street commissioners to dig said gravel and quarry said stones for the purposes aforesaid.

That in the year 1818, a stone quarry was opened in said ledge, and stone taken therefrom for the purpose of building the fire-proof offices of the county; and during that year and every year since, the inhabitants of the said borough and its vicinity, have been used and accustomed to dig, quarry, and carry away stones from said quarry, when, and as often as they pleased, and have appropriated said stones to private purposes, as well as laying side-walks in said borough; and until the notice hereafter mentioned, their right so to do has not been denied or questioned. That in quarrying said stones and digging said gravel, a deep excavation has been made in the ground; and that end of the public square is thereby disfigured, and cannot be used for any other purpose without great expense and labour.

The county commissioners, on or about the first of July 1858, gave public notice to all persons, forbidding them to dig gravel or quarry stones upon said ground; of which the defendants had notice. The trespass complained of was subsequent to that time.

If the court should be of the opinion that the plaintiffs are entitled to recover, judgment to be entered for the plaintiffs for $1 damages and all costs; if the court should be of the opinion the plaintiffs are not entitled to recover, then judgment to be entered for defendants.

The court below (WILMOT, P. J.) gave judgment for the defendants on the case stated, which was here assigned for error

*Bentley & Fitch*, for the plaintiff in error, cited Barter *v.* Commonwealth, 3 *Penn. R.* 259; Northern Liberties *v.* City of Philadelphia, 4 *Harris* 94; Arundel *v.* McCulloch, 10 *Mass.* 71.

*W. & W. H. Jessup*, for the defendants in error.

The opinion of the court was delivered by

WOODWARD, J.—On no principle whatever can this judgment be sustained.

The deed of Isaac Post of 24th July 1812, vested the title of the *locus in quo* in the county. Possession of the ten-acre lot was taken under, and has been maintained in pursuance of the deed. The public buildings of the county, an academy, a church, and a

[The County of Susquehanna *v.* Deans *et al.*]

public school-house have been erected thereon, and still stand there in accordance with the will of the donor.

Now what is to prevail against this clear legal title, and long-continued and notorious possession? The occasional trespasses of the borough in entering to take stone and gravel for their streets? Nothing else is set up on the part of the defendants. The borough acquired no title from the original grantor, none from the county, none from the legislature, who gave it only the usual legislative powers over streets, lanes, and alleys. The legislature did not pretend to confer on the borough any *rights of property* in the ten-acre square—and the grant would have been void for want of authority to make it, had it been made.

But the borough has made use of the quarry to mend the streets. This is the whole defence.

It is idle to pretend that such use of the quarry would give title under the statute of limitations; for, granting that the statute might, in some circumstances, be set up against the county, it certainly would not run against an owner, who had kept up an actual and continued possession in accordance with his title—and in behalf of a mere occasional trespasser.

And for the same reason, the borough has no prescriptive right to assert. Public rights, said the court, in Commonwealth *v.* McDonald, 16 *S. & R.* 394, cannot be destroyed by long-continued encroachments, unless the possession has continued so long, that the party may put his title on the ground of prescription.

Twenty-one years' adverse user of a right of way, under claim of right, is sufficient to authorize the presumption of a grant—but the user is not adverse, if under circumstances showing it to have been by leave and favour, or by the courtesy of the owner: Esling *v.* Williams, 10 *Barr* 126.

If this principle in the law of easement, strictly applicable only as between private individuals, were applied to a municipal body like a county, it would not help the defence in this case, because every circumstance tends to negative the adverse character of the borough's acts. They took the stone and gravel under the eyes of the county's agents and officers in possession, and by courtesy of the county. Permissive trespasses of that sort, however long-continued, never raise the presumption of a right as against an individual—much less, as against a public body.

It seems from the case stated, that individuals as well as the borough have been accustomed to take stones from this public quarry, until the authorities forbade all parties. It would be a very harsh rule of law that should prevent public officers from protecting what remains of public property, because they had winked at trespasses so general and long-continued.

The county owns the quarry exclusively and entirely, and the judgment should have been in their favour.

[The County of Susquehanna *v.* Deans *et al.*]

And now, to wit, May 4th 1859, this case having been argued by counsel, it is considered and adjudged, that the judgment of the Court of Common Pleas of the county of Susquehanna be reversed and set aside, and that judgment be here entered for the plaintiff for one dollar damages and all costs.