# In re Vacation of an Alley on Beatty's Plan, in Pittsburgh.

1. The dedication to public use of a private alley by its owners, will not make it a public highway, unless it is accepted as such by the municipal authorities.

2. A rule to show cause why an alley in the city of Pittsburgh should not be vacated was granted under the Act of May 8th 1854 (P. L. 645), upon a petition which alleged that said alley had been "dedicated to public use," but failed to set forth that it had been accepted as a public highway by the municipal authorities, or that it was twenty or more feet in width, so as to make it a public highway under the Act of June 16th 1836, § 9 (P. L. 753). No notice of said rule, other than by publication as directed by the Act of May 8th 1854 (P. L. 645), in proceedings to vacate public highways, was given to those having rights in said alley, who had not joined in the petition. The court entered a decree vacating the alley.

*Held*, that the decree was irregular and void, and should be stricken off.

November 10th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

CERTIORARI to the Court of Quarter Sessions of *Allegheny county :* Of October and November Term 1883, No. 172.

The record showed the following : C. B. Seely and eleven others presented a petition to said court, setting forth that they were "property owners and freeholders in the vicinity " of a " certain alley without a name, situate in the Nineteenth Ward, City of Pittsburgh, laid out and located in Isabella Beatty's plan of lots in said ward, in which said alley . . . was dedicated to public use," that " said alley is of no public use to those owning lands abutting thereon." The petitioners, therefore, prayed that said alley be vacated. The court granted a rule to show cause why said alley should not be vacated and directed that notice of said rule be given by publication in the Pittsburgh Post once a week for four weeks. Subsequently, on proof of publication as above directed, and no objection having been filed, the court on March 27th 1880, entered a decree vacating said alley.

A rule to show cause why said proceedings should not be

stricken off was subsequently granted by the court on the petitions of John Perchment, Elizabeth Spahr and others, which petitions alleged that the petitioners were owners of property abutting on said alley; that none of said owners had prayed for the vacation of the alley; that no personal notice of the filing of said petition to vacate was ever served in writing on the petitioners and that the court had no jurisdiction.

The court on July 31st 1883 discharged this rule, whereupon Elizabeth Spahr took this certiorari, assigning for error the entry of the decree vacating the alley, and the discharge of her rule.

*Thomas C. Lazear* (with him *John G. MacConnell*), for the appellant.—As this was a private alley, the appellant, who had valuable interests therein and had not joined in the petition for its vacation, was entitled to personal notice of a proceeding to vacate served in writing: Act of May 8th 1854, P. L. 645. No such notice having been served upon her, the decree of vacation was irregular and void and should have been stricken off. The owners of lots abutting on this alley have the right to the use of the alley from one end to another, as originally laid out, and no part can be closed without the consent of all: McCarty *v.* Kitchenman, 11 Wr. 239; Hall *v.* McCaughey, 1 P. F. S. 43; McKee *v.* Perchment, 19 Id. 342; Van Meter *v.* Hankinson, 6 Whart. 306. The court had no jurisdiction to vacate the alley, such power being vested in the municipal authorities alone: In re Osage Street, 9 Norris 114.

*Charles C. Dickey* (with whom was *Thomas S. Bigelow*), for the appellees.—This alley was clearly a public one. It became such by dedication to the public use and is set forth as, such in our petition. The Act of June 16th 1836, § 9, P. L. 753, expressly declares that all alleys, if not less than 20 feet in width, laid out and appropriated by private persons for public use . . . . shall for every purpose be deemed, taken and be public highways." Such being the case, no other notice than by publication was necessary under the Act of May 8th 1854, P. L. 645. That Act only requires personal notice in the case of proceedings to vacate private alleys. The Act of 1854, expressly confers the power upon the court to make the order of vacation. In re Osage Street, 9 Norris 114, was decided under the Act of 1836. We believe that the decision would have been very different, had the Act of 1854 been called to the attention of the court.

Mr. Justice Paxson delivered the opinion of the court, January 7th 1884.

The proceedings to vacate the alley in question were evi-

dently under the Act of May 8th 1854, P. L. 645, and had it
been a public alley there would have been less room for criti-
cism.    There is nothing upon the face of this record to show
that the alley was a public alley.    The petition sets forth
"That an alley without a name, situate in the Nineteenth ward,
city of Pittsburgh, laid out and located in Isabella Beatty's
plan of lots laid out in said ward in which said alley, extending
from Livery alley to Stanton avenue, was dedicated to public
use."    The dedication to public use by the owners of the
ground would not make it a public alley unless accepted by the
municipal authorities.    Nor is the matter helped by the Act
of 16th June 1836, P. L. 753, for the reason that said Act ap-
plies only to alleys " of not less than 20 feet in width," which
have been opened by private owners, and it nowhere appears
in this record that said alley is twenty feet wide.    On the con-
trary, so far as we can judge by the plan, it is less than twenty
feet.    We must assume, therefore, that this is a private alley.
The Act of 1854 provides in such cases that "all persons hav-
ing interests and rights therein, who shall not be petitioners,
shall have notice thereof in writing, duly served upon them."
The petition in this case does not appear to have been signed
by any of the owners of property abutting on said alley, or by
any one having an interest therein, and no notice was given to
the parties to be affected by the vacation of the alley, as re-
quired by the Act of 1854 in cases of private alleys.    The only
notice was by publication as in the case of public alleys.    It is
hardly necessary to say that the rights of the owners of the alley
cannot be taken away without notice and a hearing, upon the
petition of persons who have no interest in it.

> The proceedings below are reversed and set aside at
> the costs of the petitioners.