COMMONWEALTH v. EMMA MOOREHEAD.

ERROR TO THE COURT OF QUARTER SESSIONS OF ALLEGHENY COUNTY.

Argued November 4, 1887—Decided January 3, 1888.

1. The dedication of a private alley to public use by the owner of the land will not make it a public street unless accepted as such by the municipality; but, where the street or alley was a part of the original recorded plan of the town, and, as such, in existence and used by the public for over fifty years, the acceptance will be presumed, though no work was done upon it.

2. Adverse possession by an individual for over twenty-one years, of a portion of a highway, so dedicated and presumed to have been accepted, will not bar the right of the public to the use and enjoyment of the whole width.

Before GORDON, C. J., PAXSON, STERRETT and WILLIAMS, JJ., TRUNKEY, GREEN and CLARK, JJ., absent.

No. 220 October Term 1887, Sup. Ct.; court below, No. 581 September Term 1886, Q. S.

At the trial on March 7, 1887, before EWING, P. J., Emma Moorehead pleaded not guilty to an indictment charging the defendant with the erection and maintenance of a building upon South Canal street in the borough of Tarentum, to the common nuisance, etc. At the close of the evidence, the defendant's counsel requested the court to charge the jury:

Statement of Facts.

1. That a dedication to the public, by the owners, of ground for use as a highway or street, would not make the ground so dedicated a public street, unless accepted by the municipal authorities.

Answer: Refused, pro forma; the question is reserved.

The jury after further instructions by the court, returned a special finding as follows:

We find the defendant guilty in manner and form as indicted.

We find that the street described in the indictment was laid out and dedicated to public use by the owners of the land who laid out the town of Tarentum, and placed the plan thereof on record in the recorder's office of Allegheny county, showing thereon the said street. Said plan was adopted by the owners October 11, 1832, and was duly recorded in March, 1833. The said owners have sold all the lots in said plan, and for the most part the lots have been built upon. The lot of defendant was conveyed to her grantor in 1854; other lots in the plan in 1833, and in 1835, on this street. The house of defendant, complained of in the indictment, was built in 1843, and has been continuously occupied by the owners ever since it was built, and without complaint thereof until about six years ago.

We find that the township or borough authorities of Tarentum have never formally adopted said street or treated it as a public street by working upon it, taking charge thereof.

We find that prior to the building of said house the said street was habitually traveled by the public as they wished to, and that since the building of the house the part of the street not occupied by the house has been continuously used by the public in traveling on foot and by vehicles until within about one year last past, since which time it has been obstructed for vehicles; and that prior to the institution of this prosecution the borough authorities notified the defendant to remove the house in question.

The verdict of guilty is subject to the opinion of the court upon the law under the facts as found and set forth above.

Thereupon the defendants filed a motion for a new trial upon the grounds, inter alia:

1. The verdict is contrary to the evidence; the weight of the evidence being in support of the theory that the public had not accepted the dedication of the street, by using the same prior to the erection of the house.

3. The court erred in their instructions to the jury on the law of the case: (1) That a street could be accepted as a public street by mere user of the public without any acceptance or recognition thereof by the municipal authorities: (2) That though a street might not be a public street so as to require the municipal authorities to take charge of it, it could be a public street so as to make a person obstructing it liable to be indicted for nuisance.

On June 16, 1887, the court filed the following opinion:

I. Motion for a new trial.

The court left the question of dedication of the street for public use to the jury to find from the plot on record and the other testimony, saying that we would find that there had been a dedication to public use. In trial of a civil suit we would, on consideration of the case, now instruct the jury that the record plan and selling lots therein by the owner was such dedication. An inspection of the plan shows plainly that the locus in question is a street of the plan, as does a sale by the owner in 1833 of a lot calling for this street, giving it a name. We consider the dedication to the public a clear one.

The jury were told that there was no evidence that the municipal authorities had accepted this street by formal action or by repairing it, and that if they did not find from the testimony that it had been dedicated to public use and that the public had accepted it by user, to return a verdict of not guilty; but if they found such dedication and acceptance, to return a verdict of guilty, subject to the opinion of the court on the questions of law reserved on a special verdict finding the facts.

The jury were carefully instructed as to what was meant by user by the public; that it was not sufficient that there had been a casual use by a few persons, but that it must be an habitual use of the street by the community generally, as a matter of right, whenever they saw fit so to do; that the street must have been open to public travel, but that it was not nec-

essary that the full width of the street, as laid out on the plan, should have been actually traveled upon. There was evidence from which the jury might find either way. It was a question of whose recollections the jury would find to be that of the facts. The court did not intimate any opinion on that question. It was essentially for the jury, and we are not disposed to disturb their finding. The court directed the form of the verdict in case the jury did not find a verdict of not guilty, i. e. to find a verdict of guilty and find the facts of the verdict, to be subject to the opinion of the court as to the law on the facts. This is in accordance with what we understand to be the best practice in civil cases. On examination of the precedents, we would now direct a different form of verdict, namely, the finding of the facts with direction for the court to find the defendant guilty or not guilty, as the law might require. But the form of verdict could not, under the instructions, prejudice either side. If the law is with the commonwealth, judgment can be entered on the verdict. If found to be with the defendant, judgment can be arrested, so that practically the same result will be reached as if the verdict had been in different form and in strict accordance with old precedents.

The motion for new trial is refused.

II. Question of law reserved on special verdict.

In 1832 the proprietors laid out and made a plan of the town of Tarentum on the bank of the Allegheny river and on both sides of the Pennsylvania canal. In 1833 they placed the plan on the records of Allegheny county, showing the lots and streets in the plan, and proceeded to sell lots in and described by the plan, and as early as 1833 described a lot or lots sold by the street in question. Most all of the lots in the plan have been sold and to a great extent built upon. There is no question that this constituted a dedication of all the streets in that plan to public use. As said in Rowan's Exrs. v. Town of Portland, 8 B. Mon. 237 : " The right which we suppose passes to the purchaser of lots as appurtenant thereto is not the mere right or privilege that each purchaser may use the streets, but the right acquired by each purchaser that all persons whatsoever, as their occasions may require or invite may so use them." It is this right which is the principal value of the streets of a town to the ordinary lot holder.

It is conceded that the public may accept by the municipal authorities, either by formal acceptance or by any unequivocal act, treating the street so dedicated by the owner as a public street. It is denied by the counsel for the defendant that the public can make such street a public street by use for any length of time, and especially by a use less than twenty-one years.

The borough of Tarentum, occupying the territory of this town plot, was duly chartered soon after the plan was put on record. And no act of the municipality or its officers, until near the time of the institution of this prosecution, had treated this as a public street. But the jury have found that "prior to the erection of the house complained of on this street in 1843, the said street was habitually traveled by the public as they wished to, and that, since the building of the house, that portion of the street, not occupied by the building, has been constantly used by the public in traveling on foot and by vehicles, until within about one year last past." The authorities cannot all be reconciled on the subject. But it seems to us, that the weight of authority both in this state and in other states, as well as in England, is that a road or street may become a public highway, so that the obstruction thereof may become a nuisance, by mere user of the public, without any formal act by the municipal authorities, or by the owner of the soil; the difference being, that when there has been a dedication to the public by the owner, a shorter period of use (less than twenty-one years) will suffice, than where the original grant has to be presumed from the long continued user: 2 Dill. Corp. 640 ; Thompson, Highways, 65, 63 ; Angell, Highways, 190 ; Commonwealth v. McDonald, 16 S. & R. 390. In this last case the dedication was by a plot, and the acceptance by user by the public. The opinion of the court is an able discussion of the question, and seems to rule this point in the present case. In P. McKeesport & Y. R. Co. v. Commonwealth, 104 Pa. 586, an indictment for nuisance, the municipal authorities never accepted the road, which was held to be a public highway by user. It was a turnpike abandoned by the corporation that had constructed and maintained it. To the same effect is N. C. Ry. Co. v. Commonwealth, 90 Pa. 300; Darlington v. Allegheny, 41 Pa. 67.

A remaining question raised by the special verdict seems to me in greater doubt.

The dedication to the public was in 1833; and, after he had sold a lot on this street calling for the street, and numerous other lots by plan, the proprietor's grantee built the house in 1843, now complained of as a nuisance. It was built as a warehouse for the canal business, and it extended out into the street as marked on the plan, leaving, however, room for wagons to pass between it and the canal bank. With this building thereon he sold it in 1854, and his grantee and intermediate owners down to the defendant have been in the undisputed occupancy of the house ever since, adverse to the rights of the public to use that part of the street so occupied, over forty years without objection from either borough authorities or private prosecutor. Can this adverse occupancy be pleaded by the defendant against the public right? At common law the doctrine of the earlier cases is that there can be no loss of the public right by mere non-user. A highway once established must always remain such, until changed or discontinued by process of law: Angell, Highways, § 321. But the doctrine of the ancient authorities has, however, been to some extent departed from in modern decisions.

The doctrine in some of the cases is that the long non-user of the road is prima facie evidence of abandonment and of a release of the right of way to the owner of the soil: Beardslee v. French, 7 Conn., 125; The Commissioners v. Taylor, 2 Bay 282; Holt v. Sargent, 15 Gray 97; Hillary v. Waller, 12 Ves. 239. There is no doubt that the statute of limitations will not run against the state, but the state may abandon its right. Long non-user and adverse possession by the owner of the soil is evidence of the abandonment.

Another class of cases draws a distinction between the case of a road laid out by state or municipal authorities by due process of law, and cases of a dedication by a town plot and sale of lots therein and mere user by the public without recognition of the highway by the town authorities, holding that while the maxim, Nullum tempus occurrit regi, will govern in the former case, it does not apply in the latter case; that the grant or dedication is to the lot holders, or, at best, simply to the town corporation, as trustees, and that twenty years of

clear adverse possession by the owner of the soil is an extinguishment of the public right. The case of Rowan's Exrs. v. Portland, 8 B. Mon. 237, is a well and elaborately considered case on several of the points involved in our case. On the question of dedication to the public by the making of the town plot, and selling of lots and the acceptance by use, it is very strongly against the contention of the defendant in the present case. But on the question of the adverse occupation of a part of the land thus once made public, the learned judge says, p. 259: "That the public right as growing out of the dedication in this case was subject to be divested and defeated by such possession admits as we think of no doubt. The dedication was not to the use of the commonwealth, as a corporate being, and it invested no title or interest therein; the maxim, Nullum tempus occurrit regi, is therefore inapplicable, and there is nothing to exempt the right which really vested in the town and its citizens to be upheld by them for the public, from the operation of the statute of limitations, or from the presumptions arising from adverse claim and possession, as they would apply in ordinary cases of private rights or public easements." Rulings to the same general result are found in City of Pella v. Scholte, 24 Ia. 293.

In the present case there was a dedication by making and recording the town plot, and selling lots thereby, and a user by the public for a few years. The incorporation of the borough of Tarentum invested the care of its streets in the town authorities, and they stood by and saw the owner erect this house in a manner that was a clear claim of adverse right. He sold and his vendees and their representatives have been occupying adversely ever since, for over forty years. There has been a clear adverse possession. It seems to me that this should, under the circumstances found in the special verdict, be conclusive evidence of abandonment by the town authorities, and a case in which the maxim, Nullum tempus occurrit regi, does not apply.

We can see no good reason why the presumptions of abandonment by the town authorities on one side, and the protection of the statute of limitations on the other, should not under the circumstances of this case apply to the adverse occupation of two thirds of the street as well as to the whole of it,

had it been wholly occupied. The indictment only covers the ancient obstruction of the house. It is silent as to the very recent obstruction of the remaining width of the street at lot No. 59, and the decision in the present case does not affect anything beyond the matter contained in the indictment.

And now, July 16, 1887, after argument, and upon consideration, the court being of the opinion, that upon the record and the facts found in the special verdict, the law is with the defendant, judgment on the verdict is arrested and judgment is entered in favor of the defendant, non obstante veredicto.

The commonwealth then took this writ, assigning for error the entry of judgment in favor of the defendant.

*Mr. Richard A. Kennedy,* for the plaintiff in error:

1. The title of a municipal corporation for a right of way in the soil of its streets is paramount and exclusive. No private occupancy for whatever time, either adverse or permissive, vests a title inconsistent with the public use: Stevenson's App., 3 Cent. R. 248; Kopf v. Utter, 101 Pa. 27.; Barter v. Commonwealth, 3 P. & W. 253. Against the public, no title can be acquired by user alone or lost by non-user: Commonwealth v. McDonald, 16 S. & R. 390; Commonwealth v. Rush, 14 Pa. 186; Penny Pot Landing v. Philadelphia, 16 Pa. 79; Susquehanna Co. v. Deans, 33 Pa. 131; Commonwealth v. Miltenberger, 7 W. 450; Kittaning v. Brown, 41 Pa. 269; Commonwealth v. Alburger, 1 Wh. 486; Rung v. Shoneberger, 2 W. 22; Philadelphia v. Railroad Co., 58 Pa. 253; Commonwealth v. Bowman, 3 Pa. 202; Wartman v. Philadelphia, 33 Pa. 202: Philadelphia's App., 78 Pa. 39. When land is appropriated or dedicated to the public use for a highway, the non-user of a part will not defeat the right of the public to its entire width: Huddleston v. Killbuck Township, 5 Cent. R. 557; Pittsb. & Allegh. Bridge Co. v. Commonwealth, 5 Cent. R. 522.

2. The acceptance of the dedication of a street may be by user: 2 Dill. Mun. Corp., 640; Thompson, High., 63; Wood, Nuis., 258; Angell, High., 190; Commonwealth v. McDonald, 16 S. & R. 390; P. McK. & Y. R. Co. v. Commonwealth, 104 Pa. 586; N. C. Ry. Co. v. Commonwealth, 90 Pa. 300; Dar-

lington v. Allegheny, 41 Pa. 67. A street dedicated to public use and accepted by user does not differ from a street laid out by municipal authority: In re Milford, 4 Pa. 303; it is the property of the people of the whole state, not of a particular district: Phil. & T. R. Co. Case, 6 Wh. 25; and adverse possession by a private individual will not defeat the right of the public; nullam tempus occurrit regi: Commonwealth v. McDonald, 16 S. & R. 389; Commonwealth v. Alburger, 1 Wh. 469; Rung v. Shoneberger, 2 W. 23.

3. That the street had never been worked upon or taken charge of by the borough authorities, is no bar to the right of the public. It may never have needed repairs; if it had, the neglect of the borough could not affect the right of the public. The title is complete when the dedication is established: 2 Dill. Mun. Corp., 638, 668; Schenley v. Allegheny City, 36 Pa. 58; McMurtrie v. Stewart, 21 Pa. 326; Driggs v. Phillips, 4 Cent. R. 240; In re Pearl Street, 111 Pa. 565.

*Mr. James Bredin* (with him *Mr. James F. Brittain*), for the defendant in error:

1. A sale of lots according to a town plan, with streets and alleys, is a dedication of these ways to the use of the purchaser: McCall v. Davis, 56 Pa. 434. Ground dedicated to public use for a highway does not become such unless accepted by the municipal authorities: Beatty's Alley, 104 Pa. 622; Hull v. McCaughey, 51 Pa. 43; Rhea v. Forsyth, 37 Pa. 503; Oswego v. Canal Co., 6 N. Y. 257; Holden v. Trustees, 23 Barb. 103; Story v. Railway Co., 90 N. Y. 145; State v. Atherton, 16 N. H. 210; Gentleman v. Soule, 32 Ill. 280. When the right is acquired by user merely, the use of the public must be for such length of time that the public accommodation and private rights would be materially affected by an interruption: Cincinnati v. White, 6 Pet. 438.

2. A right acquired by use may be lost by non-user: 3 Kent Com., 448. The law must be consistent, and the rule applies to rights acquired by the public through the acts of individuals, as it does to individual rights: Commonwealth v. Miltenberger, 7 W. 452; Baldwin v. Buffalo, 29 Barb. 396; Rung v. Shoneberger, 2 W. 27; Carr v. Wallace, 7 W. 394; Bell v. Railroad Co., 25 Pa. 162; Trustees v. Robinson, 12 S. &. R. 29.

OPINION, MR. JUSTICE PAXSON:

The defendant was indicted in the court below for maintaining a common nuisance. The jury rendered a verdict of guilty, accompanied with a finding of facts in the nature of a special verdict, upon which the court below subsequently entered a judgment for the defendant non obstante veredicto.

The nuisance complained of consisted of the erection of a large wooden building partly on and upon a public street in the borough of Tarentum.

The special verdict sufficiently finds that the street referred to was a public street. It was laid out and dedicated to public use by the owners of the land who laid out the town, and was placed upon the plan thereof. The said plan was recorded in the recorder's office of Allegheny county. It was adopted by the owners on October 11, 1832, and was recorded in March, 1833. From that time to the present the street has been used by the public, excepting that portion occupied by the house since its erection. The further finding that " the township or borough authorities of Tarentum have never formally adopted said street or treated it as a public street by working upon it or taking charge thereof " does not deprive it of its character as a public street.

It is true, as was said in Beatty's Alley, 104 Pa. 622, that the dedication of a private alley to public use by the owners of the land will not make it a public alley unless it is accepted as such by the municipal authorities. This is because the owners of land in a township or borough cannot, for their own convenience, compel the municipality to accept a street or alley which is not demanded by the public. But the street in question is a part of the original plot or plan of the town ; is as old as the town itself, and has been used by the public for over fifty years. This is evidence of its acceptance by the borough, and the fact that no work has been done upon it by the borough has but little significance. It may not have needed repairs, and if it had, the authorities may have neglected their duty. When a street has been dedicated to public use by the owners, and used by the public, it requires a much less time to presume an acceptance by the public, than where there has been a mere user without such dedication.

So far we are in accord with the learned judge of the court

below.   But we cannot agree to his conclusion that the public have lost their right to the use of this road by non-user or abandonment.   Upon this point we have the finding of the jury that "prior to the building of said house the said street was habitually traveled by the public as they wished to, and that since the building of the house the part of the street not occupied by the house has been continuously used by the public in traveling on foot and by vehicles, until within about one year last past, since which time it has been obstructed for vehicles."

This in terms negatives the abandonment of the street.   It was used as a public highway prior to the erection of the house ; so much of the street as was left has been used ever since.   The portion occupied by the house has not been used because it could not be.   It was obstructed.   The defendant was occupying it adversely, and if adverse possession for twenty-one years of a public highway would bar the public, she would have acquired the right.   But such is not the law of this state.   No title can be acquired against the public by user alone, nor lost to the public by non-user: Com. v. McDonald, 16 S. & R. 389 ; Com. v. Rush, 14 Pa. 186 ; Penny Pot Landing v. City of Philadelphia, 16 Pa. 79 ; County of Susquehanna v. Deans, 33 Pa. 131.   It is settled law that public rights are not destroyed by long-continued encroachments or permissive trespasses : Kittaning v. Brown, 41 Pa. 269.   The public is not deprived of its rights by encroachment.   Buildings erected on public grounds or on highways acquire no right on account of time or expenditures : Com. v. Alburger, 1 Wh. 486 ; Rung v. Shoneberger, 2 W. 22 ; Com. v. Bowman, 3 Pa. 202 ; Wartman v. City of Phila., 33 Pa. 202 ; Philadelphia v. Railroad Co., 58 Pa. 253.   A street can no more be obstructed partially than closed altogether : Kopf v. Utter, 101 Pa. 27. Authorities might be multiplied indefinitely were it necessary.

> The judgment is reversed, and judgment for the commonwealth upon the verdict ; and record remitted to the court below, with directions to proceed to sentence according to law.