# Commonwealth *v.* Llewellyn.

*Criminal law—Right to stand aside juror.*

The right of the commonwealth to stand aside a juror has ceased to be an open question in Pennsylvania and this right rests upon the same foundation whether the trial is for misdemeanor or a capital felony.

*Dedication—Evidence—Deeds calling for boundary—Alley—Highway.*

Deeds calling for a certain alley in question as a boundary are not conclusive of the fact of dedication or of acceptance by the public. Deeds alone do not constitute an alley a public highway.

*Indictment for nuisance—Encroachment on alley—Dedication and acceptance.*

If an alley was one laid out by a grantor in a plan of subdivision of his property and he has sold lots in accordance with the plan that amounts to a dedication to public use, there must be evidence of acceptance by the public before an indictment for nuisance caused by encroachment on the alley can be sustained.

*Dedication—Adverse user—Question for jury.*

The public may acquire the right to a highway by adverse user as such without the intervention of municipal authorities and there being evidence from which the jury might find such adverse user it was error to withdraw the question from their consideration.

*Dedication of highways—Acceptance—Rules to determine width.*

The extent of the public right to a street or alley is to be determined

from all the evidence in the case; it is not to be measured by the width of a beaten track.

Where the evidence clearly indicates the owner's desire to surrender control and donate a right of way to the exclusive use of the public and the public so accept and use it, it is an acceptance of the right of way as of the width dedicated and actually opened for public travel.

Where the right to a public highway is acquired by adverse user, an important element in determining the width thereof is the recognition of the limits of the way by the owners whose lands front thereon, as indicated by monuments and fences which they themselves place upon the ground and the lines which they fix for the same in making conveyances.

Argued Jan. 9, 1900. Appeal, No. 14, Jan. T., 1900, by plaintiff, in suit of Commonwealth against George J. Llewellyn and William Drury, from judgment of Q. S. Luzerne County, June Sess., 1896, No. 166, finding defendants not guilty. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Reversed. Opinion by W. D. PORTER, J.

Indictment for maintaining a nuisance in the borough of West Pittston. Before HALSEY, J.

It appears from the record that the nuisance complained of was the obstruction by defendants of a certain alley in the borough of West Pittston by building within the lines of the alley certain structures named in the indictment.

There was evidence tending to show that the alley had been dedicated to public use by one R. J. Wisner, who formerly owned all the land in that vicinity, including the alley and the lots abutting on either side of it, and had been in use by the public for upwards of thirty years, according to the plaintiff's testimony.

[At the trial of the case the court refused the district attorney to stand aside jurors.] [1]

The commonwealth submitted the following points:

[2. The deed of the executors of R. J. Wisner, deceased, to Mary Huber, being conclusive of the fact of the dedication of the land in dispute, a building located on said land would be a nuisance. *Answer :* If, as we have stated to you, there had been an acceptance on the part of the borough of West Pittston of this particular street, then this point would be well taken, but in our view of the case we refuse to affirm it.] [2]

[3. The defendants purchased their land from Mary Huber and could get no more land than she had, which did not include the land in dispute. Therefore, your verdict must be for the commonwealth. *Answer :* This point, with the exception of the last clause, is well taken, but according to our idea of the case we cannot direct you to find a verdict in favor of the commonwealth and against the defendants, and therefore we negative this point.] [3]

The court charged the jury in part as follows:

[But in this case, gentlemen of the jury, when we consider that there was no evidence of the acceptance by the borough of this street, and that the offense complained of was not upon the open and traveled way, we are of the belief that upon the facts of this case these defendants ought not to be convicted as they stand indicted.] [4]

Verdict of not guilty. Commonwealth appealed under the provisions of the Act of May 19, 1874, P. L. 219.

*Errors assigned* were (1) in refusing to allow the commonwealth to stand aside jurors. (2, 3) In refusing to affirm plaintiff's second and third points, reciting points and answers. (4) To a portion of the judge's charge, reciting same.

*J. B. Woodward* and *Rush Trescott*, assistant district attorney, for appellant.—That the commonwealth may exercise its right to stand aside jurors, even in misdemeanors, has been settled beyond doubt, and the action of the court in refusing to allow the district attorney to do so in this case would be sufficient ground for reversal, without more : Commonwealth· v. Cunningham, 8 W. N. C. 354 ; Haines v. Commonwealth, 100 Pa. 317.

A user for this length of time was presumptive evidence of a dedication long before 1890, and that together with the user, was sufficient to establish a public alley without any acceptance by the borough. It was presumptive evidence of an acceptance : Com. v. Moorehead, 118 Pa. 344.

Nor is twenty-one years' user necessary to establish the presumption of dedication. A dedication of land for a public

highway may be presumed from the fact of its long continued use as such by the public if the use be adverse, open and notorious. Twenty-one years' adverse enjoyment is not necessary to perfect the presumption: Schenley v. Com., 36 Pa. 29; Griffin's Appeal, 109 Pa. 150; Weiss v. South Bethlehem, 136 Pa. 294.

Besides, there was some testimony from which the jury might find an acceptance by the borough. One of the defendants' witnesses, W. C. Smith, testified that he was the borough street commissioner in 1893, and that he had been requested by the borough council to remove the obstructions from this street.

To recapitulate, the court erred (1) in refusing to allow the commonwealth to stand aside jurors; (2) in instructing the jury that an acceptance by the borough was necessary after dedication and use were established; (3) in not submitting to the jury the question of acceptance; (4) in withholding from the jury all consideration of the testimony prior to the dedication by the executors in 1890; (5) in giving the jury binding instructions for the defendants; (6) in not giving the jury binding instructions for the commonwealth.

*Edward A. Lynch*, for appellees.—The commonwealth was not injured by the act of the court in refusing to permit the commonwealth to stand aside jurors. The case went to the jury and was decided on other grounds. It was therefore harmless error if at all and is therefore not ground for reversal.

This is an issue not between vendor and vendee, but a third party, a stranger, who charges the vendee with a crime, one of the elements of which going to make it out is lack of title to land. That title therefore must be established.

We claim the part of the alley in question was not shown to be public; that it was not shown to have been dedicated or accepted, and that the verdict of the jury should not be disturbed.

OPINION BY W. D. PORTER, J., July 26, 1900:

The defendants were indicted for maintaining a public nuisance, by the erection of buildings upon the line of an alleged public alley, in the borough of West Pittston. The ruling of the court which is the subject of the first assignment of error was an absolute denial of the right of the commonwealth to

stand aside jurors in empaneling the jury for the trial of this cause. The right of the commonwealth to stand aside a juror has ceased to be an open question in Pennsylvania; and this right rests upon the same foundation whether the trial is for a misdemeanor or a capital felony. As to both misdemeanors and felonies the origin of the practice is to be found in the construction given by the courts to statute 33 of Edward I., enacted in 1305; and from that time until the present the custom has been sustained by an unbroken line of decisions. Until the constitution is so changed as to invest the judiciary with legislative powers, this long established rule is not to be overthrown by the courts: Haines v. Com., 100 Pa. 317; Smith v. Com., 100 Pa. 324; Com. v. O'Brien, 140 Pa. 555. The contention of the appellee is that the ruling of the court below was allowable because of the expression used by the late Chief Justice STERRETT, who spoke for the court, in Haines v. Com., " the right claimed by the commonwealth should always be exercised under the supervision of the court," is not well founded. The language of the chief justice referred to the manner in which the right was to be exercised and did not recognize a power in the court to absolutely deny the right. In the trial of a misdemeanor, in which the commonwealth and the defendant have an equal number of challenges and are required by law to exercise their right of challenge alternately, it might well be held that, when the commonwealth passed a juror to the defendant, and thus put the latter to his election to accept or challenge, upon the acceptance of the juror by the defendant the commonwealth had waived its right to stand aside. To hold that the court had power to say that the commonwealth might stand aside jurors upon the trial of A, and, in the next hour, upon the trial of B, might deny the existence of the right, is another and an entirely different matter, and an exercise of an arbitrary power not authorized by law. The first assignment of error is sustained.

The second and third assignments of error are without merit, and the requests for charge upon which those assignments are based might very properly have been flatly refused. The deeds referred to in those points called for the alley in question as a boundary, but they were not conclusive of the fact of dedication, nor acceptance by the public. As between the grantors

and grantees they simply vested in the grantees a right of passage over so much of the land of the grantor as was occupied by the alley, but the deeds alone did not constitute the alley a public highway. If the alley in question had been simply located by the public authorities over the lands of the grantor and had not yet been opened and used by the public, these deeds did not constitute a dedication to public use. If the alley was one which had been laid out by the grantor in a plan of subdivision of his property, and he had sold lots in accordance with that plan, that would amount to a dedication to public use. Even in the latter case, however, there would have to be evidence of an acceptance of the dedication by the public before an indictment of this character could be sustained : In re Opening of Brooklyn Street, 118 Pa. 640 ; Whitaker v. Phœnixville, 141 Pa. 327 ; Gamble v. Philadelphia, 162 Pa. 413 ; Quicksall v. Philadelphia, 177 Pa. 301. In the evidence as printed there is nothing to suggest that the former owner of the premises, R. J. Wisner, had ever caused this tract to be plotted, or executed deeds for lots fronting upon it during his lifetime. The only evidence from which a dedication could have been presumed was the parol testimony as to what was actually done upon the ground.

The court gave binding instruction to the jury to find a verdict of not guilty, which instruction was based upon the ground that there was no evidence of the acceptance by the borough of this street, and that the offense complained of was not upon the open and traveled way, which instruction is the ground of complaint in the fourth specification of error. We are convinced that this specification of error must be sustained. That the public may acquire the right to a highway by adverse user, as such, without the intervention of the municipal authorities, is well settled. When the right is dependent upon adverse user alone, it does not become complete until the expiration of twenty-one years. When a dedication to public use, and the opening of a street to public travel by the owner, is followed by its actual use by the public as a highway, the right in the public may become complete and absolute within a much shorter period and without any affirmative act of acceptance by municipal authority : Commonwealth v. Cole, 26 Pa. 187 ; Root v. Commonwealth, 98 Pa. 170 ; Commonwealth v. Railroad

Company, 135 Pa. 256 ; Commonwealth v. Moorehead, 118 Pa. 344. In this case the evidence would have warranted the jury in finding that the defendants had encroached upon an alley which had been used as a public highway for at least twenty-five or thirty years, that the predecessor in title of the defendants had for that time recognized the title of the public and had located his fence and buildings to correspond therewith. There was the further evidence of the deeds through which the defendants' title came recognizing the alley and the location thereof. The suggestion that the public only acquire title to the right of way as of the width of the beaten track where wagons have worn the grass away is without force. The extent of the public right is to be determined from all the evidence in the case, and if the adjoining owners had fenced and defined the alley that fact must be considered by the jury. If those of the public who desired to travel at the sides of the alley did so, that was as much a use by the public as was the passing of those who traveled where the road was smoothest. If those parts of a public street where grass is permitted to grow cease to be public highways, there are many streets in boroughs and the suburbs of cities which would soon become mere cow paths. When the evidence clearly indicates the owner's desire to surrender control and donate a right of way to the exclusive use of the public, and the public so accept and use it, it is an acceptance of the right of way as of the width dedicated and actually opened for public travel. Where the right to a public highway is acquired by adverse user, an important element in determining the width thereof is the recognition of the limits of the way by the owners whose lands front thereon, as indicated by the monuments and fences which they themselves place upon the ground, and the lines which they fix for the same in making conveyances of their property. The commonwealth certainly presented sufficient evidence to require the submisson of this case to the jury, and the fourth assignment of error is sustained.

Judgment reversed and venire facias de novo awarded.