# Newell *v.* W. R. Case & Sons Cutlery Company, Appellant.

*Road law—Streets—Dedication—Municipalities—Municipal lien.*

Where an owner of land makes a plot thereof showing lots and streets, and records the same, and numerous subsequent conveyances refer to a street named on the plot, and this particular street is for many years continuously and uninterruptedly used for public travel, and the municipality lays a public sewer in the middle of it without any person claiming damages for the taking of the land, and adjacent houses are connected with the sewer, and a side-

walk is constructed along one side of the street, and tax bills are made out against houses on the street numbered by the city engineer, it will be presumed that there was a dedication to public use of the strip of land covering the street, and that the public authorities had accepted the dedication of the street as a highway. In such a case the municipality cannot file a municipal lien against the land covered by the street so as to divest the public easement of a right of way over it, or to divest the rights of the owners of the lots included in the original plot to use the easement of way which they had acquired under the conveyances to them.

Argued October 27, 1914.   Appeal, No. 104, October T., 1914, by defendant, from decree of C. P. McKean Co., December T., 1910, on bill in equity in case of Augustus W. Newell, et al., v. W. R. Case & Sons Cutlery Company.   Before Rice, P. J., Orlady, Head, Kephart and Trexler, JJ.   Affirmed.

Bill in equity for an injunction.   Before Bouton, P. J.

From the record it appeared that the bill was filed to compel the defendants to remove a fence and other obstructions from a portion of Howard street north of State street in the City of Bradford.   The evidence showed that in 1901 the city had constructed a pavement on State street in front of the strip of land covered by Howard street.   A lien for the pavement was filed, a scire facias issued, and the land was subsequently sold by the sheriff to one Fitzgibbon from whom the defendant corporation took title.   Plaintiffs were owners of land abutting on Howard street.

The facts relating to the dedication of Howard street and the acceptance of such dedication by the public are set forth in the opinion of the Superior Court.

The court entered a decree in accordance with the prayer of the bill.

*Error assigned* was the decree of the court.

*F. P. Schoonmaker,* of *Brown & Schoonmaker,* for appellant.—The land in controversy was subject to municipal tax: Chambersburg Shoe Mfg. Co. v. Cumberland Val. R. R. Co., 240 Pa. 519; Paul v. Carver, 24 Pa. 207.

The judgment in the tax case is conclusive: Sweeney v. Girolo, 154 Pa. 609; Billings v. Russell, 23 Pa. 189; Haines v. Hall, 209 Pa. 104.

*Edgar W. Tait,* with him *Edwin E. Tait,* for appellees. —That portion of Howard street north of State street was dedicated by the owner to the use of the public: Pearl Street, 111 Pa. 565; McCall v. Davis, 56 Pa. 431; Transue v. Sell, 105 Pa. 604.

That portion of Howard street north of State street was accepted by the public: Pittsburgh, F. W. & C. Ry. Co. v. Dunn, 56 Pa. 280; Com. v. Llewellyn, 14 Pa. Superior Ct. 214; Com. v. Moorehead, 118 Pa. 344; Washington Borough v. Steiner, 25 Pa. Superior Ct. 392; Fleck v. Collins, 28 Pa. Superior Ct. 443.

Neither any right which the public had in the land in question as a travelway, nor any private assessment, was divested by the tax sale: O'Donnell v. Pittsburgh, 234 Pa. 401; O'Donnell v. Porter Co., 238 Pa. 495; Jessop v. Kittanning Borough, 225 Pa. 583; Pittsburgh v. Epping Carpenter Co., 194 Pa. 318.

OPINION BY HEAD, J., July 21, 1915:

In the disposition of this case in the court below, the three controlling questions were determined by the learned judge adversely to the contention of the appellant. A careful examination of the record has convinced us that in so far as these questions rest upon findings of fact, such findings are supported by ample evidence; and further that the conclusions of law adopted by the learned judge fairly resulted from the application of sound legal principles to the facts found. We will briefly advert to each one of the three in their order.

1. There was abundant evidence to support the conclusion that many years ago the owner of a considerable tract of land in the City of Bradford platted the same into lots with convenient street and alleys. Among these streets was one called Howard street extending from Washington street on the south to Bank street on the north. Such street was not only shown on the plan, but was actually marked out and staked on the ground. Numerous conveyances were made by the owner, all of which referred to a street or way at that place, sometimes under the name of Howard street, at others by the name of Howard place. In nearly all of the subsequent conveyances which appear on the record there was recognition of such a street, and under some of these conveyances the defendant itself took title to a portion of the property it now owns. These conveyances were made and recorded long before the sheriff's sale, to which we shall later refer, although some of them were made after the filing of the lien. In every recognized way therefore the owner of the land evidenced his intention to dedicate for public use what is now claimed to be Howard street: In re Opening of Pearl Street, 111 Pa. 565; Weida v. Hanover Township, 30 Pa. Superior Ct. 424. It would not be possible, therefore, to convict the learned judge below of error in finding that such dedication had been made.

2. The evidence was equally clear and satisfactory as to the acceptance by the public of the dedication referred to. The way was actually opened on the ground from one end to the other. For many years it had been subjected to continuous and uninterrupted public travel. No taxes were assessed against that strip of ground as the private property of any person. A public sewer was laid in the middle of it by the city authorities without any proceedings to condemn the private property of anyone and without any claim for damages being advanced by any person. Buildings were erected fronting on this way and these buildings

had their sewer connections into the main sewer already referred to. A sidewalk was constructed at least along one side of the alleged street, and the lot tenants were required by the city street commissioners to keep such sidewalks free from snow and ice. The city engineer gave numbers to the houses fronting thereon as situated on Howard street, tax bills and water bills for said properties designated them in like manner. These and other facts furnish ample warrant, under all of the authorities, for the conclusion that the dedication of the strip of ground in question for a public street or way had been actually accepted by the public. In Weida v. Hanover Twp., supra, this court said: "It may be conceded that such acceptance is ordinarily indicated by some formal act of the municipal officers having such matters in charge. But the public which is the master need not await the formal action of its own servants and agents. By its own use of a street dedicated, opened and offered for travel, it may plainly and conclusively signify its acceptance of the owner's offer, etc.: Com. v. Shoemaker, 14 Pa. Superior Ct. 194; Com. v. Moorehead, 118 Pa. 344." This is the doctrine also of Com. v. Llewellyn, 14 Pa. Superior Ct. 214; Fleck v. Collins, 28 Pa. Superior Ct. 443, and other cases cited in the opinion filed by the learned judge below. Again we must agree he was right in his conclusion that there had been not only a dedication to public use of the strip of ground in dispute but that such dedication had been actually accepted by the public.

3. It must follow, as a legal conclusion, from what has been already determined, that the City of Bradford could not file a municipal lien against this strip of ground, as the private property of any person, with the effect that a judicial sale thereon would divest the public easement of way long theretofore acquired by the traveling public. In the filing of municipal liens much latitude has been given by the statutes in the way of describing the property liened and conveying notice to

the real owner; but no statute has ever declared that, by the filing of such lien and a judicial sale thereon, the sheriff's vendee may take a title in fee simple to the exclusion of the rights of the traveling public who had long since acquired an easement of way over the same. In speaking only of the rights that would become vested in the lot purchasers on this plan by reason of the dedication of this strip of ground as a public way, Mr. Justice BROWN, in Tesson v. Porter Co., 238 Pa. 504, said: "For if anything is to be regarded as settled, it is that, when one who is the owner of a tract of land in a municipality cuts it up into lots and sells them as laid out on a plan which he has adopted, showing streets and alleys thereon, there is not only an implied covenant by him to the owner of each lot that the streets and alleys, as they appear upon his plan, shall be forever opened to the use of the public, but a dedication by him of the same as highways to the use of the public forever, and the municipality itself cannot extinguish the easement which each lot owner thus acquires by private contract with the owner of the plotted ground: Transue v. Sell, 105 Pa. 604; Quicksall, et al., v. Philadelphia, 177 Pa. 301; Garvey v. Refractories Co., 213 Pa. 177; O'Donnell v. Pittsburgh, 234 Pa. 401." It ought to be apparent therefore that a sheriff's sale on a judgment, founded upon an improvement lien filed by the city against this strip of ground, in no sense divested the easement of way which had been acquired by lot owners and the public generally long before the lien was filed. As a consequence the defendant, who relies on a conveyance from the sheriff's vendee to support its right to the ownership in fee simple of this strip of ground and to close it up as private property, has necessarily failed to make good its claim, and the decree of the court below forbidding the obstruction of the street and requiring the removal of the gates necessarily followed.

Decree affirmed.