# Miller *v.* American Car & Foundry Company, Appellant.

*Negligence—Obstruction in street—Illegal use of street—Case for jury.*

In an action to recover damages for injuries to an automobile, sustained in a collision with a girder projecting from defendant's plant into a highway, the case is for the jury and a verdict for the plaintiff will be sustained, where it appeared that the defendant was using a part of the street for storage purposes, and that no warning, had been given when the girder was carried into the highway.

Under such circumstances, the instruction that, when the defendant undertook to use part of the street in its business of manufacturing iron and steel, there devolved upon the company a high degree of care to protect the traveling public from any damage or injury by reason of its use of the street, is without error.

Without proper municipal authority, which was lacking, the defendant had no right to make a permanent use of the street, and it was bound to take extraordinary care to guard against accidents to persons using the highway.

Argued March 1, 1920.   Appeal, No. 5, March T., 1920, by defendant, from judgment of C. P. Columbia County, Feb. T., 1916, No. 149, on verdict for the plaintiff in the case of Clark Miller v. American Car & Foundry Company.   Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Trespass to recover damages for injuries to an automobile.   Before McCORMICK, P. J., 25th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $320.65 and judgment thereon.   Defendant appealed.

*Errors assigned* were the charge of the court, answers to points, as quoted in the opinion of the Superior Court, and refusal to grant a new trial.

*R. S. Hemmingway,* and with him *William E. Elmes,*
for appellant.—The owner of land adjoining a public
highway may lawfully occupy it for, temporary pur-
poses, and the defendant was not responsible, in the ab-
sence of negligence: Palmer v. Silverthorn, 32 Pa. 65;
Mills v. Phila., 187 Pa. 287; Borough v. Apple, 35 Pa.
284; Vallo v. U. S. Express Co., 147, 407.

*G. W. Moon,* for appellee.

OPINION BY LINN, J., April 24, 1920:

Appellee's automobile was damaged in collision with
an iron girder 36½ feet long by 1 foot wide, being
handled by appellant partly on a public highway and
partly on its own property.   He brought this suit to re-
cover the loss.   He averred that while driving on East
street in the town of Bloomsburg "the defendant com-
pany without right negligently caused an iron or steel
girder or channel suspended on a crane to be suddenly
and without warning thrust and projected, from its said
works on the east side of said East street......into and
across the usually traveled portion of said street and at
an altitude where it would interfere with automobiles
lawfully traveling said East street and directly in front
of said automobile......"; that appellant failed to give
warning or otherwise to protect travel on the highway.
He obtained a verdict and judgment.

The record shows that appellant's shops are located
on the east side of East street between Fifth and Sixth
streets; on November 15, 1915, during a drizzling rain,
appellee drove south on East street, intending to turn
westward into Sixth street; while approaching that
street, on his right side it became necessary to pass a
horse and buggy and (though this was disputed) a milk
wagon or huckster wagon.   He said "When I got I sup-
pose within ten or fifteen feet of these wagons I looked
ahead of my car and there was nothing in the road at all.
Then as I approached, the car was moving down towards

Sixth street.   As I approached this wagon......I glanced to see if I was clear of this wagon and the car was moving slowly towards where I wanted to go and during this time......As I glanced......to see that I was clear on my side there of these vehicles, this stringer was shoved out in front of me." He also testified that no warning was given.   Appellee was corroborated by his sister who was in the car.   He also called a witness, employed by appellant at the time of the occurrence, who testified that appellant's workmen were handling the girder attached at its centre to a hoist operating on an overhead railway extending from the shop to a post 30 feet away, either at the edge of the sidewalk or in the street.   It appears that this girder had been raised from the ground by means of this hoist and turned about and one end had been pushed into the plant, where holes were being punched into it, during which operation the girder extended into the cartway of East street from six to seven feet beyond the pole supporting the overhead railway.   The girder had been lying on the ground and the witness in describing the last thing done with the girder prior to the accident said, "we just pulled it up and turned it around to back it into the shop."

A witness for appellant said that plaintiff "run into the stringer."   Appellant called its superintendent, who testified that he held that position for fourteen years and that "in the course of its manufacturing business there, it had been using the eastern side and part of what is known as East street," "for storage of materials, wheels, steel, bar iron and fabric materials."   On being asked whether appellant had any "authority by ordinance to use this street and sidewalk," he answered "None that I know of."   There was no evidence of municipal consent.

1. Appellant complains of a sentence in the charge in which the court said that the use of East street by appellant for manufacturing purposes was unlawful, and that appellee in driving on the street had "a right to presume that the street will be free from any obstruction

dangerous to the use of it and when the American Car and Foundry Company undertook to use a part of this street in their business of manufacturing iron and steel, there devolved upon that company a high degree of care to protect the traveling public from any damage or injury by reason of their use of the street." Complaint is also made of the qualification of a point of charge in which the appellant asked the court to instruct the jury that an owner of land adjoining a highway may lawfully place materials on it for a temporary purpose, and that appellant in making a temporary use of a part of East street for the purpose of carrying or transporting into its plant the girder in question was at the time of the accident not using the street in an unlawful or improper manner, and therefore was not negligent, which the court refused by saying that the evidence showed that the company was not making a temporary use of the street but on the contrary was using it constantly in its business.

Neither complaint can be sustained; without proper municipal authority, which was lacking, defendant had no right to make the permanent use of the street described in the evidence: Commonwealth v. Moorehead, 118 Pa. 344, and authorities there cited.

2. Appellant also complains of an expression in the charge in which the court referred to the overhead railway already described, and stated that the evidence showed that it was the practice of appellant to use this railway "in such a manner that the steel or iron which was handled upon it was run into East street so that a portion of the iron or steel extended into East street a distance of about six feet." Appellant's objection is that as the record disclosed the handling of but one girder at the time of the accident, the court should not have referred to "the practice of the defendant." Considering all the evidence in the case with the entire charge, we are all satisfied that appellant was not prej-

judiced in any manner whatsoever by the expression complained of.

The remaining assignment is to the refusal to grant a new trial, but as there is no suggestion of abuse of discretion anywhere in the record, that assignment is dismissed.

The jury was fairly instructed; negligence was defined; they were told that unless appellant was negligent in handling the girder in question, and that such negligence caused the accident, their verdict must be for defendant; the rule as to contributory negligence was stated and no objection is made by appellant to any part of the charge relating to these essentials.

The judgment is affirmed.