184    227
23 SC [3]198

184    227
25 SC [15]69
227
184    27 SC [3]443

184    227
[1]219    [1]563

# The Pennsylvania Railroad Company and the Pittsburg, Virginia & Charleston Railway Company, Appellants, v. The Glenwood & Dravosburg Electric Street Railway Company and the Second Avenue Traction Company.

*Street railways—Crossings—Diversions from highway.*

A street railroad company having permission to build its road upon a highway, may diverge for a short distance, where the conformation of the surface or the position of streams makes it necessary in order to avoid discomfort or danger to the traveling public, or to avoid grade-crossings, or for any other reason amounting to necessity, or great public convenience.

*Street railways—Railroads—Laches—Estoppel—Equity.*

A steam railroad company filed a bill in equity for an injunction to restrain a street railway company from constructing an overhead bridge, on the ground that such construction would interfere with the railroad company's enjoyment of its property, and also upon the ground that the street

railway company could not change the location of its road so as to construct the same upon a bridge and upon private property. The evidence showed that the plaintiff had stood by while the tracks of defendant were being laid on an avenue nearly parallel to the tracks of the plaintiff and on a street which crossed its tracks at right angles; that plaintiff, without objecting to a grade crossing, negotiated with the defendant as to the manner of its construction; that when its demands were acceded to, it objected to a grade crossing, and suggested an overhead crossing, and that the defendant company had adopted that suggestion and, at a cost of $40,000, purchased private property, and done preparatory work towards the construction of an overhead crossing in accordance with plans suggested by the railroad company. It also appeared that the construction of the overhead crossing would cause little or no injury to the railroad company, while an injunction would cause irreparable injury to the street railway company, and great inconvenience to the public. *Held*, that an injunction was properly refused.

An injunction will not be issued when, upon a broad consideration of the situation of all the parties in interest, good conscience does not require it.

Argued Nov. 4, 1897. Appeal, No. 166, Oct. Term, 1897, by plaintiffs, from decree of C. P. No. 2, Allegheny County, July Term, 1897, No. 362, dismissing bill in equity. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Bill in equity for an injunction.

In addition to the facts which appear by the opinion of the Supreme Court, Shaffer, J., found the following:

The plaintiffs are railroad companies, duly incorporated, and operating a line of railway along the Monongahela river through the village of Dravosburg, which is a village in the township of Mifflin, and are the owners of lands and rights of way in the said village of Dravosburg, except that the deed of John C. Risher, for a strip of ground twenty feet wide, is for railway purposes only, and Risher had erected and had in use, at the time of making this deed, and has ever since maintained, a coal railroad operated by cables from his mine in the hill, at a considerable elevation above the tracks of the railroad company to the river; this railroad being constructed upon a strip of ground owned by him on the westerly side of McClure street, upon a wooden trestle, which, where it crosses the railroad, is sixteen feet above the rail.

The Glenwood and Dravosburg Electric Street Railway Com-

pany was chartered to construct a street railway from Hays Station, on the Pittsburgh, Virginia & Charleston Railroad, opposite Glenwood, in the city of Pittsburg, over and along certain public roads mentioned in its charter, to the bridge over the Monongahela river at Dravosburg; the line of its road being across that of the Pittsburgh, Virginia & Charleston Railroad Company on McClure street, in the village of Dravosburg. It leased its property and franchises to the Second Avenue Traction Company. The consent of the supervisors of the townships of Baldwin and Mifflin, through which this street railway was constructed, was obtained for the construction of a road upon the street or road extending from Hays station to the Mifflin township line. No part of the street railway was actually built on the public road in Baldwin township, but the whole was built upon private property acquired by the company, and thus avoided a large number of grade railroad crossings. The street railway in Mifflin township was built in part upon the roads mentioned in the company's charter, but a very large part of it was built on private property acquired by the company for the purpose, and it appears that of the whole road, from Hays station to Dravosburg, about sixty per cent is on private property. All of this and about half of that laid on the public road is laid with " T " rails, and not in such a manner that other vehicles can travel along it.

The plaintiffs herein filed their bill in this court at No. 12 July term, 1895, to enjoin the defendants herein from making a crossing over the plaintiffs' railroad at McClure street at grade. An injunction was refused by this court, and an appeal having been taken to the Supreme Court, the decree was reversed by consent of counsel. The bill in that case contained an averment that an overhead crossing at that point was reasonably practicable. Upon the trial of that case the plaintiffs in support of the averment of their bill, that an overhead crossing was reasonably practicable, among other witnesses put on the stand Mr. A. G. Mitchell, who was then, and yet is, the engineer of the plaintiff companies. He testified, in response to questions put by the plaintiffs' counsel, that there were several ways in which an overhead crossing could be made at that point, and produced a plan showing such crossing upon McClure street, and testified that it was reasonably practicable to

make such a crossing, either upon the street or on private property on either side of it or along the coal railroad.

The defendant company purchased from the Risher heirs for the consideration of seventy-five hundred dollars ($7,500) a right of way for double track and necessary pole line for the construction, maintenance and operation of an electric railway over certain property in Mifflin township, including a strip over and along which the above mentioned coal railroad is built.

The defendant company has located and staked out upon the ground, a line for an overhead bridge or viaduct, from a point on private property north of Maple avenue, which is a street in Dravosburg, along which the line of the defendant's street railway runs, across Maple avenue and partly on Maple avenue, along and above the Risher coal road over and across the railway of the plaintiff, where the same is laid across the twenty foot strip conveyed to the railroad by the deed of John C. Risher above mentioned, and thence to the approach of the Dravosburg bridge. This viaduct will extend along Maple avenue a distance of about thirty feet in front of the property of the plaintiffs, and immediately adjacent thereto. At a considerable distance above the level of the street it crosses the tracks of the railroad company, which, at this point, consist of two tracks and a siding, at an elevation of about forty feet above the rails; this method of crossing being substantially one of those pointed out by Mr. Mitchell in his testimony above mentioned. It is proposed also to reconstruct the Risher coal road under the viaduct, so as to raise it very considerably higher above the railroad than it now is. When completed the structure will be a double decker with the electric railway over the coal railway. No part of the structure will be upon McClure avenue, except some of the masonry of the foundations, which will be below the level of the street, and a footwalk which it is proposed to place upon the side of the viaduct next to the street, which will project over it from two to four feet.

As the street railway is now operated, the passengers are brought by the line laid upon the grade of McClure street to the far side of the railway company's track, and then are compelled to alight from the street car and walk across the tracks and siding of the railroad company and take another car to McKeesport, and so in returning from McKeesport. . . .

The public is largely interested in such a crossing being made both for convenience and safety. In the opinion of the court the transfer of passengers at all hours across plaintiffs' tracks from one street car to another, on foot, is vastly more danger- ous to life and limb than the operation of any overhead struc- ture can possibly be, especially when such overhead structure exists already, and it is proposed only to make increased use of it after raising and strengthening it.

The public is entitled to the benefit of any doubt as to plain- tiffs' right to maintain a barrier across the country in a thickly populated district.

The court entered the following decree:

And now to wit: September 13, 1897, this cause having been argued before a full bench upon bill, answer and proofs, it is now ordered, adjudged and decreed that the injunction prayed for in this case be and is hereby refused, and the bill is dis- missed at the costs of the plaintiffs.

*Error assigned* among others was decree of the court.

*George B. Gordon,* with him *William Scott,* for appellants.— The defendants should be enjoined from occupying the street opposite the property owned by the plaintiffs with this bridge and viaduct, as the same is a nuisance from which the plaintiffs suffer special injury: Scranton & Pittston Traction Co. v. Del. & Hudson Canal Co., 180 Pa. 642; Heilman v. Lebanon & Annville St. Ry., 180 Pa. 627; Rafferty v. Cent. Traction Co., 147 Pa. 592; Potts v. Quaker City Elevated R. R., 161 Pa. 396; Thomas v. Ry., 167 Pa. 120.

A construction of a portion of this viaduct on Maple avenue over property the fee simple title to which is in the plaintiffs, subject only to the ordinary easement of a country highway, is a taking of its property which cannot be done without its con- sent: Jones v. R. R., 151 Pa. 40; Penna. R. R. v. Montgomery Co. Pass. Ry., 167 Pa. 62; Paul v. Carver, 24 Pa. 207; Cox v. Freedley, 33 Pa. 124; Grier v. Sampson, 27 Pa. 183; Wagner v. Salzburg Twp., 132 Pa. 636.

The defendants have no right to construct this viaduct and operate their electric railway thereon, over and across the tracks and property of the plaintiffs, at a point where there it no pub-

lic highway: Northern Cent. Ry. v. Harrisburg etc. Ry., 177 Pa. 142; Cumberland Val. R. R. v. Harrisburg etc. Ry., 177 Pa. 155.

Whatever one may call the grant from Risher, whether "a base fee" or something else, it passed unquestionably such an estate as entitles the railroad to its exclusive occupancy: Ry. Co. v. Peet, 152 Pa. 488; Pa. Schuylkill Val. R. R. v. Paper Mills, 149 Pa. 18; Phila. & Read. Ry. v. Hummell, 44 Pa. 375.

There was no estoppel: Bigelow on Estoppel, chap. 18, pp. 569 and 570; Herman on Estoppel, sec. 763; McKnight v. Bell, 135 Pa. 358; Sensinger v. Boyer, 153 Pa. 628; Comegys v. Russell, 175 Pa. 166.

*D. T. Watson*, with him *Wm. A. Stone* and *Geo. C. Wilson*, for appellees.—Under all the circumstances this is not a case which appeals to the conscience of the chancellor, for the granting of the relief prayed for, and it is a case where the granting of such relief would do infinitely more harm than the refusal of it can possibly do: Pa. R. R. v. Greensburg etc. Ry. Co., 176 Pa. 559.

It is a mistake to suppose that the legislative and judicial policy discouraging grade crossings springs from any exceptional regard for the property of the railroad companies: P. & C. R. R. v. S. W. Pa. Ry. Co., 77 Pa. 173; N. C. Ry. Co.'s App., 103 Pa. 621; R. R. Co. v. R. R. Co., 160 Pa. 294.

The appellant's right of way is subordinate to the Risher coal railroad: Lehigh Coal & Nav. Co. v. Harlan, 27 Pa. 439.

We insist that the decree of the court below should be affirmed because of the decision of this Court in Pa. R. R. Co. v. Montgomery Co. Pass. Ry., 167 Pa. 62; Heilman v. Ry., 175 Pa. 188; Penna. R. R. v. Street Ry., 176 Pa. 576.

If, with knowledge that great alterations are going on, the objector is silent, he cannot subsequently successfully ask relief in a court of chancery: Kerr on Injunctions, 19; Houldsworth v. Evans, L. R. 3 H. of L. 263; Stewart v. Erie, etc. Transportation Co., 17 Minn. 372; Watts's App., 78 Pa. 370; Pearsoll v. Chapin, 44 Pa. 9; Negley v. Lindsay, 67 Pa. 217; Leaming v. Wise, 73 Pa. 173; Morgan v. McKee, 77 Pa. 228; Lauer's App., 12 W. N. C. 165; Dimpfell v. O. & M. Ry., 110

U. S. 209 ; Peabody v. Flint, 88 Mass. 54 ; Gregory v. Patchett, 33 Beav. 595 ; International, etc., R. R. v. Bremond, 53 Texas, 96 ; Sheldon, etc., Company v. Eickemeyer, etc., Company, 90 N. Y. 607 ; Graham v. Birkenhead, etc., Railway Company, 2 Mac. & G. 146 ; Kitchen v. St. Louis Railroad, etc., Ry. Company, 69 Mo. 224 ; In re Magdalena Steam Nav. Company, 6 Jur. N. S. 975 ; Great Western Ry. Company v. Oxford, etc., Railway Company, 3 De G. M. & G. 341 ; Leaming v. Wise, 73 Pa. 173 ; Chamberlain v. Lyndeborough, 14 Atl. Rep. 865.

An injunction will never be issued by a court of equity when it will inflict a greater injury than it will prevent: Robb v. Carnegie, 145 Pa. 324 ; Bleakley's App., 66 Pa. 187 ; Rahn Twp. v. Street Ry., 167 Pa. 90 ; Penna. R. R. v. Street Ry. Co., 176 Pa. 577.

*George B. Gordon,* with him *William Scott,* for appellants, in reply.—The principal argument made in this case to sustain the position of the court below in dismissing the bill is not that the court was right in any of its legal conclusions, or that the appellees were successful in any of the contentions that they made in the court below, but consists of an attempt to here and now for the first time raise the point that there was laches in the filing of this bill, and that consequently the decree of the court below was right. The objection of laches or stale demand should be made by answer: Sage v. Culver, 147 N. Y. 241 ; Warren v. Warren, 30 Vt. 530. This Court held, in White v. Patterson, 139 Pa. 429, that laches could not be imputed to one in peaceable possession of land, for delay in resorting to a court of equity, even where that delay had continued for more than thirty-three years : Penna. Schuylkill Valley R. R. v. Paper Mills, 149 Pa. 18 ; Sterling's App., 111 Pa. 35.

OPINION BY MR. JUSTICE FELL, January 3, 1898 :

The bill in this case was filed to prevent the defendants from constructing a bridge or viaduct over the tracks and property of the plaintiffs at a point where there is no street or highway, and also to prevent the construction of an overhead way across a street on which the plaintiffs own property in fee. The answer denies the right of the plaintiffs to the intervention of

a court of equity for the reason that the overhead crossings
which the defendants have undertaken to construct, and on
which they have made large expenditures, were suggested by
the plaintiffs in order to prevent a crossing of their road at grade,
and were undertaken with their knowledge and consent.

Work was commenced on the defendants' road in September,
1894, and it was practically finished in March, 1895, except at
a point on McClure street in the village of Dravosburg, where
it intersected the plaintiffs' road. A number of consultations
had been held between the defendants' officers and the local
officers of the plaintiffs, to determine the best plan to effect a
crossing at grade. Negotiations had been pending for some
time, and an agreement had been prepared, when the decision
of this Court in Penna. R. Co. *v.* Montgomery Co. Passenger
Ry., 167 Pa. 62, was handed down. On April 5, 1895, the
plaintiffs filed a bill to prevent a crossing at grade. Having
allowed the road to be built in front of their properties on Maple
avenue and McClure street without objection, it was then too
late to ask for its removal, but they sought to prevent a grade
crossing. The bill alleged a want of power in the railway com-
pany to construct a road, but there was no prayer asking for its
removal. The application for a preliminary injunction was
refused. An appeal was taken by the plaintiffs, which by order
was made a supersedeas. When the case was called for argu-
ment in this Court in October, 1895, a decree reversing the order
of the common pleas refusing an injunction was entered by con-
sent of the parties, and an injunction was awarded. The decree
contains a preliminary recital that the defendants had abandoned
the intention to construct a crossing at grade. At the hearing
of that case in the common pleas the right of the defendants to
cross at grade was contested on the ground that it was reason-
ably practicable to make an overhead crossing, and different
ways in which this could be done were pointed out by the plain-
tiffs' officers. Maple avenue is nearly parallel to the plaintiffs'
road, and McClure street crosses it at right angles. On one
side of McClure street is an elevated incline or private coal
road which crosses Maple avenue and the tracks of the railroad
above grade. The tracks of the electric railway had been laid
on Maple avenue and McClure street at grade to the tracks of
the plaintiffs' road. Of the plans for an overhead crossing, the

best, but by far the most expensive, suggested, was to purchase property on Maple avenue, to divert the tracks to it, and to elevate them until a sufficient height was obtained ; then to cross the avenue thirty feet above its surface to the elevated coal road, and thence at an elevation of about forty feet to cross the tracks of the railroad. This plan was suggested by the plaintiffs and adopted by the defendants. To carry it into effect it was necessary to purchase private property fronting on the street, to purchase the right to use the coal road, to bridge the avenue and to reconstruct the coal road. This the defendants proceeded to do at an expense of about $40,000. They were then met by this bill denying their right to cross in this manner, because the construction proposed would interfere with the plaintiffs' right to the exclusive occupation of their ground for railroad purposes, and because the defendants' right to construct their railway is limited to the highways mentioned in their charter, and upon the grade thereof, and because having located their road they cannot change the location so as to construct the same upon a bridge, and upon private property.

The extent of the interference with the property rights of the plaintiffs is this : on McClure street, on the side opposite to that on which their property is situated, and below the surface, and within the curb line, the foundation of the piers will extend two or three feet beyond the property line ; at an elevation of forty feet, a foot walk will extend from two to three feet beyond the property line, and this on the side opposite to their property. On Maple avenue, thirty feet above the surface, and over the middle of the street, there will be an encroachment of a few feet on the theoretical property lines. At the height of forty feet, the structure of the electric railway crosses the line of the tracks of the railroad. Two of these tracks are on a public street; the third has been laid on a right of way since the controversy relating to the crossing arose. The rights of the railroad company were already subject to the rights of the overhanging coal road, which has been reconstructed and placed at a greater height, and will remain between their tracks and those of the electric railway. The court found that the construction and operation of ·the overhead crossing will not appreciably increase the risk of accident, but that it will be lessened by the substitution of a steel structure, at a greater height, for a wooden one.

The right of the defendants to diverge from the highway and to construct their railway on property which they had secured for that purpose in order to avoid a grade crossing need not be discussed, in view of the decisions in Rahn Township v. Ry. Co. 167 Pa. 84, and Penna. R. Co. v. Ry. Co., 176 Pa. 559. In the first of these cases it was said that passenger railways under the act of 1889, "may diverge for a short distance where the conformation of the surface or the position of streams make it necessary in order to avoid discomfort or danger to the traveling public," and in the latter, that to these reasons "it may be added, to avoid grade crossings, or for any other reason amounting to necessity, or what is the same thing in such matters, great public convenience."

The appellants have no just ground of complaint, and they are not entitled to the relief asked. They stood by without objection while the tracks of the defendants' road were laid on Maple avenue and McClure Street. Without objecting to a grade crossing they negotiated with the defendants as to the manner in which it should be made. When their demands had been acceded to they objected to a grade crossing of any kind, for the reason that it was practicable to construct an overhead crossing. When their suggestions as to the overhead crossing had been accepted and acted upon without regard to expense, and the defendants had purchased private property and a right of way, and were proceeding with a construction which will minimize the danger and in no way interfere with the operation of the steam road, they for the first time objected that their property rights were being encroached upon. The injury to their property is infinitesimal, if not purely fanciful. Whatever it may be, they have encouraged and invited it. The granting of an injunction would do them no good, except by crippling, if not destroying, a rival road. It would cause irreparable injury to the defendants and great inconvenience to the public. An injunction was refused in Heilman v. Lebanon and Annville St. Ry. Co., 175 Pa. 188, where there had been a clear invasion of the plaintiff's rights. The objection first made was that the road had been built without first paying damages, and it was held that the plaintiff having based his objection on that ground impliedly sanctioned the right to build, if his damages were paid, and could not, after the completion of the road, be heard to object

to the company's want of authority. In that case it was said by our Brother WILLIAMS : " An injunction is not of right. It will not be issued when, upon a broad consideration of the situation of all the parties in interest, good conscience does not require it."

The decree is affirmed at the cost of the appellants.