## Smith v. The Union Switch and Signal Company, Appellant.

*Highways—Dedication of streets—Recorded plan.*

The sale of lots by a landowner according to a plan to be recorded, which is followed by placing the plan on record, implies a grant or covenant to the purchaser that the street shall be forever open for the use of the public, operating thus as a dedication to the public use ; the right

passing to the purchaser is not the mere right that he may use the street, but that all persons may use it.

The mere making of a plan even if recorded, does not constitute a complete dedication until the rights of third parties have accrued, or by public use; the plan remains under the control of the owner, and it may be modified or abrogated by him at will. After the rights of third parties have accrued, and the public authorities have accepted the dedicated way by adopting the plan as a public improvement, and have worked thereon, the original grant becomes irrevocable as a public way in its defined boundaries. The fact that the public has access to it but from one end does not prevent it from being a public street.

Argued April 9, 1901. Appeal, No. 53, April T., 1901, by defendant, from decree of C. P. No. 2, Allegheny Co., July T., 1900, No. 36, on bill in equity in case of Robert C. Smith v. The Union Switch and Signal Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Bill in equity for an injunction.

The facts are fully stated in the opinion of the Superior Court.

The court decreed that the defendant should remove the fence complained of in the bill.

*Error assigned* was the decree of the court.

*S. Schoyer, Jr.,* with him *S. B. Schoyer,* for appellant.— Where a proprietor lays out a street with only one outlet, he decisively indicates that it is not to be a thoroughfare: Gowen v. Philadelphia Exchange Co., 5 W. & S. 141.

We contend that however broad the easement is of itself, the description of the strip of land over which Smith may enjoy the easement describes the land over which Smith may enjoy his right and not the limits of the way itself, and that Mrs. Smith and her vendees may use the strip of ground in any way not inconsistent with such enjoyment: Short v. Devine, 146 Mass. 119; Johnson v. Kinnicutt, 2 Cush. 153; Dobson v. Hohenadel, 148 Pa. 367.

*James G. Hays,* with him *Shiras & Dickey,* for appellee.— Where a continuous and apparent easement or servitude is imposed by the owner of real estate on a part thereof for the ben-

efit of another part, the purchaser at a private or judicial sale, in the absence of an express reservation or agreement, takes the property subject to the easement or servitude: Geible v. Smith, 146 Pa. 276, 285; Zell v. Universalist Society, 119 Pa. 390.

The intention of Mrs. Lewis that the passageway should be thirty-six feet wide was shown by her dedication to the public, of Lewis street. Whether Lewis street is, or is not, a public street, we respectfully submit that under the authorities cited Mrs. Lewis has in any event by her deed and by her subsequent conduct granted to appellee an unobstructed right of way over the whole of said Lewis street: Kraut's App., 71 Pa. 64; Mc-Ferren v. Mont Alto Iron Co., 76 Pa. 180; Ellis v. Academy of Music, 120 Pa. 622; Salisbury v. Andrews, 19 Pick. 250; Welch v. Wilcox, 101 Mass. 162; Underwood v. Carney, 1 Cush. 285; Williams v. Clark, 140 Mass. 238; Currier v. Howes, 103 Cal. 431; Watson v. Bioren, 1 S. & R. 227; Zell v. Universalist Society, 119 Pa. 402; Ross v. Thompson, 78 Ind. 93; Darlington v. Commonwealth, 41 Pa. 68; In re Opening of Pearl Street, 111 Pa. 571; Schenley v. Pittsburg, 104 Pa. 472; DuBois Cemetery Co. v. Griffin, 165 Pa. 81; Ferguson's Appeal, 117 Pa. 426.

The absolute evidence of dedication of Lewis street to the public is the making of the plan by Mrs. Lewis, the selling lots bounded by Lewis street, and the recording of this plan, showing Lewis street, as it existed on the ground, without any reservation or exception: Jones on Easements, sec. 435; Elliott on Roads and Streets, 14; Pittsburg v. Epping-Carpenter Co., 194 Pa. 318; Quicksall v. Philadelphia, 177 Pa. 304; Birmingham v. Anderson, 48 Pa. 258; Higgins v. Borough of Sharon, 5 Pa. Superior Ct. 92; Griffin's App., 109 Pa. 155; McElhone's App., 118 Pa. 609; Com. v. Moorehead, 118 Pa. 344; In re Milford, 4 Pa. 303.

OPINION BY ORLADY, J., July 25, 1091:

By deed of Eliza Lewis et al., the plaintiff became the owner in 1884 of one and one fourth acres of land described by undisputed metes and bounds, and of an easement described in the said deed in the following words: "Together with the right of ingress and egress thereto and therefrom to and from said

Braddock's field road upon and over said strip of ground thirty-six feet in width, owned by the said parties of the first part, and adjoining and extending along the eastward side of the premises hereby granted from the said Braddock's field road to the line of lands now or late of the said Allegheny Car and Transportation Company."

At the time of the plaintiff's purchase from Mrs. Lewis his eastward line was marked by stakes placed on the ground by his grantor so that the line conformed to the eastern side of a residence on the premises. Opposite his property and thirty-six feet distant from it there had been erected five double tenement houses on lots owned by the Allegheny Car and Transportation Company. Their title was acquired through conveyances from Mrs. Lewis, the plaintiff's grantor. In 1886, Mrs. Lewis made a plot of lots, intended to be recorded and subsequently placed on record and embracing the five tenant house lots. She gave them numbers from one to twelve inclusive, and including the space thirty-six feet wide, designated as Lewis street, which lay between the lots and the plaintiff's property on its easterly side. In each of the conveyances to the lot owners the several lots called for Lewis street as the westerly boundary. In 1888 the plaintiff and defendant were owners of triangular pieces of land which abutted on this space and which they exchanged by proper conveyances which recognized Lewis street as of the width of thirty-six feet. The title to all of the lots in Mrs. Lewis's plan subsequently became vested in the defendant through deeds which referred to the recorded Lewis plan and described the lots as bounded on the west by Lewis street. This space called in the plan Lewis street extends a distance of 400 feet from Braddock's field road as its northern end to the line of the defendant's other property, where it has no outlet. After Mrs. Lewis acquired title to the whole tract and prior to the time the defendant bought the land east of Lewis street, the evidence shows that a cinder and board walk was constructed along the entire length of 400 feet from the Braddock's field road to the end of the way, and the whole space was open to persons having occasion to use it, by wagons, carts, and on foot. A natural gas line, a water line, a sewer, telephone and telegraph lines were placed therein by private corporations, and the way or street was once worked on and

improved by the supervisors of the township. Swissville was incorporated, as a borough including all the land marked by the Lewis plan of lots on the borough plan of streets, highways, and alleys and the space designated as Lewis street became a part of the original plot or plan of that borough. Its street commissioners claiming to act under a general ordinance defining their duties, worked upon the street and required abutting property owners to repair pavements, clean gutters, ditches, and surface drains. The land was thereafter exempted as public property from taxation.

The foregoing facts have been found by the court on sufficient evidence. The defendant in 1900 contended that the property purchased by the plaintiff in 1884 had its real frontage on the Braddock's field road and that on the easterly side over the then private property of his grantors, there was a mere easement, and proceded to define and set bounds to the easement to which Smith was entitled over this thirty six foot space, by bisecting the street with a board fence placed parallel to the easterly and westerly lines so as to leave for the exclusive use of Smith a way fourteen feet wide. The defendant then appropriated the remaining twenty-two feet for its own exclusive use. A gate was erected by the defendant across the fourteen foot way at the Braddock's field road end of the way. The building and maintaining of this gate and fence is the injury of which the plaintiff complains in this bill in equity.

The court below held that the laying out, the making, and recording of the plan of lots together with the thirty-six foot way as described in the plan, amounted to a dedication of that space as a street for public use, which by the subsequent acts of the public had been accepted as such, and that the deed to Smith conveyed to him a convenient right of access with horses and vehicles to the whole of the side of his property over the entire thirty-six foot way.

The parties to this bill claim title from a common source. The ground in dispute is clearly defined by fences which have been continuously maintained by the abutting owners since 1884. The grant as made by Mrs. Lewis, " upon and over a strip of ground thirty-six feet in width " along the easterly side of the Braddock's field road to line of lands now or lately of the Allegheny Car and Transportation Company, was so exact in width

and location that it became a part of the consideration of his deed. Neither she nor her grantors could, after he had entered into possession under the deed, pretend that the way was to be of a less width. So far as she could, she dedicated it to public use. The adopted plan of lots which she recorded furnished the description which she maintained in her subsequent conveyances to other abutting owners on the opposite side of the way and whose title afterwards became vested in the defendants. In all of these deeds the call is " along the easterly line of Lewis street as located on a certain plan of lots." This line was marked by a fence on the ground at the precise place called for in Mrs. Lewis's deed to Smith, and was confirmed by the defendant in the description given in exchanging properties with Smith which had been purchased from their common grantor. During the continuance of her ownership and until 1900 it was unchanged. The land was improved and the intention of the parties is gathered from the words of the grant and from the defined location of the actual way on the ground. The original plan of subdividing the property was prior to Mrs. Lewis's ownership, the location of the lots and houses on the private (Haven) way was adopted by her as her own, and all doubt as to the width of the way was removed by the call in her deed to Smith which was supplemented by her plan of lots. The owners of the abutting property on the opposite side of this thirty-six foot way are bound by the descriptions and calls in their deeds, and after such a grant and dedication followed by such open use by the public, the township and borough authorities, Mrs. Lewis, had she retained title to the land now owned by the defendants, could not retake twenty-two feet of her easement grant and allow but fourteen feet for Smith for the reason given by the appellee, i. e., " because it affords sufficient room for a reasonable use and enjoyment by Smith of his easement." Neither can her grantees do this. Smith's rights in this way are to be determined by the condition existing in 1884 and are not dependent upon the will of his grantor or of those claiming under her in 1900.

The sale of these lots by Mrs. Lewis according to her plan to be recorded, which was followed by placing it on record, implies a grant or covenant to the purchaser that the street shall be forever open to the use of the public, operating thus as a

dedication to the public use. The right passing to the pur-
chaser is not the mere right that he may use the street, but
that all persons may use it: Quicksall v. Philadelphia, 177 Pa.
301, and cases therein cited.

The mere making of a plan, even if recorded, does not con-
stitute a complete dedication until the rights of third parties
have accrued or by public use; the plan remains under the
control of the owner and it may be modified or abrogated by
him at will: Pittsburg v. Epping-Carpenter Co., 194 Pa. 318.
After the rights of third parties have accrued and the public
authorities have accepted the dedicated way by adopting the
plan as a public improvement and have worked thereon, the
original grant becomes irrevocable as a public way in its de-
fined boundaries.

When one sells and conveys lots according to a plan which
shows them to be streets, he must be held to have stamped
upon them the character of public streets. Not only can the
purchaser of lots abutting thereon assert this character, but all
others in the general plan may assert the same. The proprietor
is in no condition to revoke this dedication afterwards: Hig-
gins v. Sharon Borough, 5 Pa. Superior Ct. 92; Woodward v.
Pittsburg, 194 Pa. 198; Osterheldt v. Philadelphia, 195 Pa.
361; Com. v. Shoemaker, 14 Pa. Superior Ct. 194. It is to be
observed that this bill is filed against those who stand in the
shoes of the proprietor.

The borough which adopted this dedicated way as a public
street is not before us. The fact that the entire frontage of
400 feet on the westerly side of Lewis street was undivided is
not material. If Smith had subdivided it into lots, his rights
and those of his grantees would be no greater and no less by
reason of that subdivision. "The right of ingress and egress
thereto and therefrom to and from the Braddock's field road
over and upon a strip of ground thirty-six feet in width" ap-
plied to the whole extent of frontage on that street so located
and defined at that time, and he was entitled to free access to
every part of that frontage. The additional fact that the pub-
lic had access to it from but one end is not vital to its being a
public street. This is not an opening of a street under the
statutes but a dedication of an easement which ripened into a
public street by the making and recording of the plan and by

acceptance by the public.   Under these facts a cul de sac may be a public street.   Its character as such was well known at the creation of the easement, at its dedication by the recorded plan, and when it was accepted by the borough as one of its streets and highways: In re Melon Street, 1 Pa. Superior Ct. 63; Elliott on Roads and Streets, 1; 2 Dillon on Mun. Corps. sec. 632, note 2 and cases.

The obstructions placed on this thirty-six foot street were a special inconvenience to the plaintiff.   A street can no more be obstructed partially than closed altogether: Kopp v. Utter, 101 Pa. 27; Commonwealth v. Morehead, 118 Pa. 344.   The silence of the borough, joined with the objection of the property owner of all the lots on the opposite side of the street, which in this instance is the defendant, are not sufficient to prevent his having equitable relief to enforce their removal.

The assignments of error are overruled and the judgment is affirmed.