## Wakeling, Appellant, *v.* Cocker.

*Streets—Municipalities—Encroachment on streets—User.*

The title of a municipal corporation to the soil of its streets for those purposes that concern the public enjoyment and convenience is paramount and exclusive, and no private occupancy, for whatever time, whether adverse or permissive, can vest a title inconsistent with it.

A person cannot acquire by user for any length of time, the right to maintain a cornice extending over a highway of a city.

Argued Dec. 8, 1902.    Appeal, No. 285, Oct. T., 1901, by plaintiff, from decree of C. P. No. 1, Phila. Co., Sept. T., 1901,

No. 798, dismissing bill in equity in case of Samuel Wakeling v. Edwin F. Cocker and George Gray. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Bill in equity for an injunction.

BREGY, J., found the facts to be as follows:

1. The plaintiff, Samuel Wakeling, Esq., is the owner of the property No. 4523 Frankford avenue, which is a double three-story brick residence with a cornice projecting about two feet along the front and sides of the building.

2. The defendant, Edwin F. Cocker, is the owner of the property No. 4527 Frankford Avenue, which immediately adjoins the property of the plaintiff.

3. The cornice already alluded to, projecting about two feet from the building at the third story, was constructed in the year 1865, and has been so maintained ever since.

4. The wall between the properties of the plaintiff and defendant is a party wall, and the cornice projects over the land of the defendant, Cocker, along the northeasterly side of a width of two feet.

5. The existence of the cornice was open and notorious.

6. The defendant, Cocker, was aware of the existence of this cornice before he purchased the adjoining property.

7. The defendant, Cocker, being about to rebuild on his property, has made a contract with the other defendant, George Gray, for the erection of a new building, and said construction includes the removal of so much of the cornice as overhangs the property of the defendant, Cocker.

8. The building line as now established is eight and three quarter inches back from the line of plaintiff's front wall.

9. The plaintiff is willing that all that part of the cornice that projects over the property of the defendant, Cocker, may be removed for the erection of the new building, except that part of said cornice which extends northwestward from the legally established building line.

The trial judge found in favor of the complainant and awarded an injunction.

Among the exceptions to the adjudication was the following:

7. That the learned trial judge erred in finding that portion

198        WAKELING, Appellant, *v*. COCKER.

Statement of Facts—Opinion of the Court. [23 Pa. Superior Ct.

of the cornice to which the preliminary injunction applied, and which extends northwestward from the legally established building line of said avenue, and hangs over said highway, is such an easement as will be protected by injunction.

The court in banc sustained the seventh exception and dismissed the bill.

*Error assigned* was decree dismissing the bill.

*Rudolph L. Golze,* for appellant.

*Henry K. Fries,* for appellees.

OPINION BY ORLADY, J., May 20, 1903:

The bill in equity, filed by the plaintiff, might well have been dismissed for other reasons than the one given by the court below.   There was no proof of irreparable injury, and the terms of the contract or arrangement by which the cornice in dispute was originally erected was not shown in proof.   Nor is there any testimony as to any change of the location of the legally established building line on Frankford avenue.   To sustain the appellant's contention would be to authorize the maintenance of the cornice over a highway of the city.   A mere legal right in the plaintiff will not move the court, if on a consideration of the whole case an injunction ought not in good conscience to issue: Powers's Appeal, 125 Pa. 175; Penna. Railroad Co. v. Glenwood, etc., Railway Co., 184 Pa. 227.   In this case there were disputed facts which have been passed upon by the court, which we will not disturb, as we are not satisfied that there was manifest error in the conclusion reached: Hancock v. Melloy, 187 Pa. 371; McMillin v. McMillin, 183 Pa. 91; Barlott v. Forney, 187 Pa. 301.   As was said by Mr. Chief Justice GIBSON, in the case of Barter v. Commonwealth, 3 P. & W. 253, the title of a municipal corporation to the soil of its streets, for those purposes that concern the public enjoyment and convenience, is paramount and exclusive; and no private occupancy, for whatever time, whether adverse or permissive, can vest a title inconsistent with it.   A recognition of the same doctrine may be found in the case of Com. v. Alburger, 1 Wh. 469; Com. v. McDonald, 16 S. & R. 390; Penny Pot

Landing Case, 16 Pa. 79; Kopf v. Utter, 101 Pa. 27. The public is not deprived of its rights by encroachment. Buildings erected on highways acquire no rights on account of time or expenditures: Wartman v. City of Philadelphia, 33 Pa. 202; Philadelphia v. P. & R. Railroad Co., 58 Pa. 253; Smith v. Union Switch and Signal Co., 17 Pa. Superior Ct. 444.

The assignments of error are overruled and the judgment is affirmed.