# Darlington and Wife *versus* The Commonwealth for use of the City of Allegheny.

*Streets, dedication of to Public Use.—Private Town Plot not admissible to affect Rights of the Public acquired by User.—Construction of City Ordinance as to width of Pavements and Cartways.—Right of Corporation to pave Streets dedicated by Owner to Public Use.*

1. A city street, which had been thrown open to the public and used as a highway for many years, though not of uniform width, was graded and paved as a forty feet street by the city, though in places of a less width, and a lien filed for the costs and expenses assessed against the property of an adjoining lotowner. On the trial of a *scire facias* thereon, a private draft, made a few years before the trial and retained by a tenant of defendants, was offered to show that the street dedicated to public use, was of a less and a uniform width. *Held*, that the draft was not evidence as to the dedication of the ground thrown open, and that it was properly rejected by the court below.

2. Where the city ordinance required streets of forty feet in width, to have twenty-four feet of cartway and sixteen feet of sidewalks, and the ordinance was followed where the street was of that width, but not where it was of less width, the corporation could nevertheless recover: for where the street was not of the width required by the ordinance, the ordinance did not apply.

3. If the ground so thrown open and used as a highway had been dedicated to public use, the city had a right to grade and pave it, and recover the assessment therefor from defendants, whether it was a forty feet street or not: and it was not error in the court below, so to instruct the jury, leaving the questions as to the dedication of the ground graded and paved, and the width of the street dedicated, as matters of fact for the jury.

ERROR to .the District Court of *Allegheny county*.

This was a *scire facias* against William M. Darlington and wife, founded upon a municipal claim for the costs and expenses of grading and paving Perry street, in the city of Allegheny, opposite a lot of Mrs. Darlington. The defendants pleaded *nul tiel record*, that the claim was not filed within the time required by the Act of Assembly, and payment with leave, &c. The case was this:—

An ordinance for the grading and paving this street was duly passed by the councils of the city, on the 12th of August 1856, and recorded in the office for recording deeds, in accordance with the Act of Assembly. In pursuance of the provisions of this ordinance, the grading and paving of this street and sidewalks were put under contract on the 19th day of August 1856. The work was completed according to the terms of the agree-

[Darlington *v.* The Commonwealth.]

ment, and accepted by the city, and the assessment regularly made on the 19th of August 1857. A bill was presented, and demand made of the defendants on the 10th of March 1858. Payment having been refused, a statement was filed on the 2d of April 1859, for $874.27, as follows, viz., grading and paving cartway, $625.83; grading and paving sidewalks, $131.94; and curbing, $116.50. The work, it appears from the statement, was commenced in October 1856, and finished in October 1857. No objection or complaint was made as to the character of the work, or the price paid by the city.

It was not claimed in this case that the city ever laid out this street, under the authority conferred by the Act of Assembly, but that it was dedicated by the owner of the ground to public use, as early as 1831 or 1832, and·had been used as a public high-way ever since,—and that finding it so dedicated, the plaintiffs proceeded to grade and pave it as before described.

The defendants' counsel contended that there was no such dedication of this street as would justify the plaintiffs in grading and paving as they have done, and in charging the defendants therefor. The main question in the cause was, what amounts to a dedication, and how it may be proved?

On the trial, the defendants offered a plan of lots, made in 1853, by Augustus Shoop for Jacob Dellenbaugh, on which the width of Perry street was designated in handwriting unknown to the witness. This was objected to by the plaintiffs' counsel, because it had never been recorded, nor had the city any notice of its existence, and because also, it did not tend to rebut the plaintiffs' evidence. The court below sustained the objection and rejected the evidence; which was assigned here for error.

The defendants requested the court to instruct the jury,

1. That it was the duty of the city of Allegheny, before authorizing the paving and grading of said street, and contracting for the work, to have established the location and limits thereof, so as to make a street with cartways and footways of uniform prescribed relative width; and if the jury believe from the evidence, that the location and limits of said street were not established so as to make a street with cartways and sidewalks, or either, as above stated, the plaintiffs are not entitled to recover the cost and expense of any portion of the grading and paving of said street.

2. The plaintiffs cannot recover on the footing of a *quantum meruit* for the work actually done, but must show to the satisfaction of the jury, that the work, both as regards quality and extent, was done substantially in virtue of and in accordance with the regulations and ordinances of the city.

3. That the grading and paving of the sidewalk of irregular width, so that in some places it was only about three feet in

[Darlington v. The Commonwealth.]

width, and in others varying from about three to eight feet—
was not such a substantial compliance with the regulations and
ordinances of the city, in respect of highways, as will enable
the plaintiffs to recover for the grading and paving of the side-
walk.

4. If the jury believe that the city did not leave at least eight
feet on both sides of the cartway for sidewalks, it was such negli-
gence, misconduct, and disregard of the city ordinances regard-
ing the grading and paving of streets, &c., as will preclude the
plaintiffs from recovering the costs and expenses of grading and
paving the cartway.

5. If the jury believe that the street in question was laid out
originally by the owners of the land, thirty-three feet in width,
they cannot presume a dedication to the public of a street of
greater width, from the fact that the ground adjacent to said
street was unenclosed.

6. Unless the whole area of the ground graded and paved by
the city, was a permanent public highway, the plaintiffs are not
entitled to charge the defendants with the cost and expense of
any portion of the work.

7. If the jury believe from the evidence that the street in
question was laid out and dedicated to the public as and for a
public highway thirty-three feet wide, the plaintiffs had no right
to grade and pave the ground lying out of said limits, and to
charge the expense of the same to the defendants; and if the
expense or cost of the whole is so mingled together as to be
incapable of separation with reasonable certainty and accuracy,
the plaintiffs cannot recover anything.

8. If the jury believe that any of the grading and paving
were done outside the limits of said street as laid out and dedi-
cated to public use, or outside of the same as a permanent pub-
lic highway, the city cannot recover for any portion of said
work, without such an apportionment as will show the jury
clearly and distinctly the number of cubic feet of grading, and
the number of superficial feet of paving.

9. If the jury believe that the street in question was not a
permanent street or highway, of definite location and limits,
the plaintiffs had no jurisdiction over the same for the purpose
of grading and paving, and consequently possessed no legal
right to charge the defendants with the cost and expense thereof.

The court below (HAMPTON, J.), after instructing the jury as
to what amounts in law to a "dedication," and applying it to
the case as presented by the evidence, added:—

["But the question here is not, whether this was a forty feet
street, or not, but, had all the ground graded and paved by the
city been dedicated to the public? If it had, then the city had
a right to grade and pave it as they did, and the plaintiffs will
5 WR.—5

[Darlington *v.* The Commonwealth.]

be entitled to recover. The city claimed the right to grade and pave no more than the public had a right to use. They might have proceeded under their charter to straighten the lines, by taking a portion of the defendants' houses, but they did not choose to do so. And it is difficult to perceive how the defendants are injured by their neglecting to do so. They were certainly not bound to grade and pave any more than they did. And it is said by the witnesses to have been a very common thing in that part of Allegheny, to build irregularly on the streets, and for houses so built to remain long after the street is graded and paved.

" If there was a dedication of all the ground graded and paved, then no private property has been taken, and no one has a right to complain. The public was simply improving its own thoroughfare, and was not trespassing on any one's rights.

" But if they have graded and paved more ground than had been used by the public as a thoroughfare, then the plaintiffs cannot recover for such excess, but can only recover for grading and paving whatever had been dedicated to public use.]''

The defendants' points were answered thus :—The second, fifth, sixth, eighth, and ninth were affirmed, the third, fourth, and seventh were negatived, and the first answered as follows: " 1. If by this point it is intended to assert that the city had no authority to grade or pave this street, until it had made a survey or plot, and designated its location and limits, in the mode pointed out by law for opening or widening streets, we cannot assent to the proposition. The city has no authority to grade or pave any street which is not " permanent;'' but a street may be a permanent street, as well by dedication as by being laid out by authority of the city. If it be adopted as one of the public streets of the city, after having been dedicated to public use by the owner, the city may grade and pave it, and assess the costs and expenses on the owners of the lots abutting thereon.

" If the city graded and paved only what had been dedicated to the public, the plaintiffs may recover the costs and expenses therefor, whether the sidewalks were eight feet the whole length of the street, or not, or whether the lines of the street were straight or crooked.''

Under these instructions, there was a verdict and judgment in favour of the plaintiffs, whereupon the case was removed into this court, where the following matters were assigned for error :—

The rejection of the " plan of lots'' made by Augustus Shoop, showing the width of Perry street. The refusal of the court below to affirm the defendants' first, third, fourth, and seventh points; in charging the jury as above included in brackets; the giving of inconsistent and conflicting instructions to the jury, by affirming the defendants' second and ninth points, and nega-

[Darlington *v.* The Commonwealth.]

tiving the others; in saying, in the general charge, that "the open area of ground throughout its entire length might be considered a permanent street, subject to the jurisdiction claimed, without regard to whether it had a defined location and limits or not;" and that the jury "might infer that the whole open space between the houses on one side and the enclosure on the opposite side, have been dedicated by the owner to the public as and for a street."

*Hamilton* and *Acheson*, for plaintiff in error.

*S. Schoyer, Jr.,* for defendants.

The opinion of the court was delivered, November 4th 1861, by
STRONG, J.—This was a *scire facias* upon a municipal claim for the costs and expenses of grading and paving Perry street, in the city of Allegheny, opposite the lot of the plaintiffs in error, or one of them, and bounding thereon. By sundry Acts of Assembly the councils of said city are authorized to grade and pave any permanent street, lane, alley, or sidewalk within the corporate limits, and they are empowered to collect the cost and expense by filing claims and by *scire facias*.

The evidence that Perry street was a "permanent" street, such as the city had a right to grade and pave at the expense of adjoining lotholders was, that it had been thrown open to the public in 1831 or 1832, between East Lane and Chestnut (two streets of the city), and that it had been used as a public highway ever since. Buildings had been erected at intervals on both sides of it, and no attempt at reclamation appears to have been made by the original owner of the soil. It seems hardly to have been contested that the street had been dedicated to public use and accepted. It was contended, however, that the dedication did not comprehend all the ground which the city graded and paved. The work was done upon no more than was thrown open and used by the public—nowhere more than forty feet in width, and in some parts not quite so much, for not quite so much in width at those places had been thrown open. But the defendants below undertook to prove that it was a street uniformly of thirty-three feet in width, and that consequently the city had no right to grade and pave more than that width and charge the expense to their lots. To show this they offered in evidence a draft of the street made in 1853, for Jacob Dellenbaugh, a tenant under the defendants, never recorded and never brought to the notice of the city. This was rejected, and its rejection is made the basis of the first assignment in error. How this draft could have shown that all had not been dedicated to the public which had been thrown open and enjoyed as a thoroughfare for more

than twenty years, the plaintiffs in error have not succeeded in showing to us. And how a private draft, made or caused to be made by a tenant, and retained by him without notice to any one, could have been evidence that the owner had not dedicated all that had been thrown open, is quite incomprehensible. There was no error in rejecting it.

The second, third, and fourth assignments of error are in substance that the court refused to instruct the jury that, inasmuch as the city had failed to comply in all particulars with an ordinance, requiring all streets of forty feet in width to have twenty-four feet in width of cartway and sixteen feet equally divided for sidewalks, there could be no recovery, or at least no recovery for grading and paving the sidewalks. It is a sufficient answer that the ordinance has no application to any other than a forty feet street. Wherever this street was forty feet in width the directions of the ordinance were followed; wherever it was less, the ordinance had nothing to do with it. The court was right in refusing to affirm these points of the defendants.

The fifth assignment is not insisted upon, and there is nothing in it.

We think that part of the charge excepted to in the sixth assignment perfectly accurate, and it vindicates itself.

And we do not perceive the inconsistency in the instructions given to the jury alleged in the next specification. The instruction complained of in the eighth assignment was perfectly accurate.

Judgment affirmed.