## Barnes, Appellant, *v.* Philadelphia, Newtown & New York Railroad Company.

*Deed—Boundaries—Streets—Vacation of streets—Act of May 9,* 1889, *P. L.* 173.

Upon a conveyance of land bounded by a street, unless otherwise provided, the grantee takes to the middle of the street, if the grantor owns thus far, subject to the public easement; and when the street is vacated, this portion of it reverts to the grantee.

The designation of a street as a boundary in a conveyance of land of the grantor, whether opened or not, is an implied covenant by the grantor that it shall be open for the use of the grantee as a public way, and as a means of access to the land conveyed; and it is also a dedication of the street to a public use. If there is no subsequent vacation of the land as a street its status as a street remains unchanged. In such a case the Act of May 9, 1889, P. L. 173, does not apply, since that act applies only in the case of a town plot or plan of lots.

The title of that act gives no notice of an intention to take from a

grantor his estate in an unopened street, and vest it in an abutting owner; and for this reason, and because it takes from the grantor his property without due process of law, the constitution denies such an effect to the act.

Argued Oct. 21, 1904.   Appeal, No. 125, Oct. T., 1904, by plaintiff, from order of C. P. No. 5, Phila. Co., March T., 1901, No. 709, refusing to take off nonsuit in case of Thomas Barnes v. Philadelphia, Newtown & New York Railroad Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Ejectment for land in the thirty-third ward of the city of Philadelphia.

Before RALSTON, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*John W. Speckman,* with him *Frederick J. Knaus,* for appellant.—An analysis of all the cases in Pennyslvania will disclose that where a deed mentions a street as a boundary line and such street is laid out and plotted by the owner and not by the city authorities, the presumption of dedication arises: Schenley v. Commonwealth, 36 Pa. 62; Darlington v. Commonwealth, 41 Pa. 63; Trutt v. Spotts, 87 Pa. 339; Schenley v. Pittsburg, 104 Pa. 472; Oakley v. Luzerne Boro., 25 Pa. Superior Ct. 425.

The decisions in Pennsylvania are uniform that when a street is called for as a boundary, the middle thread is always intended; this was decided in the leading case of Paul v. Carver, 26 Pa. 223, and this was followed by Cox v. Freedley, 33 Pa. 124; Quicksall v. Phila. 177 Pa. 301.

Under the Act of May 9, 1889, P. L. 173, land upon which streets were laid out by reference to plans, thus creating a dedication by implication, is relieved from the onus or servitude imposed unless opened or used within twenty-one years.

*John G. Lamb,* for appellee.—Assuming that the mere mention of the street in the deeds from the original grantor had any effect, the most that can be claimed for it was that it was

a covenant on the part of the grantor that such a street existed, to the use of which the plaintiff was entitled as a means of access to his lots : Brooklyn Street, 118 Pa. 640 ; Smith v. Union Switch, etc., Co., 17 Pa. Superior Ct. 444.

The Act of May 9, 1889, P. L. 173, has no application to this case. If the street was ever opened in contemplation of law, it has certainly never since been legally vacated. There is no evidence whatever in this case of any act done by either party, other than the mention of the street in the deed. No act vacating it has been shown.

OPINION BY SMITH, J., January 17, 1905 :

John Young, in 1869, conveyed three adjoining lots on the west side of Second street, in the city of Philadelphia, with a total frontage of eighty feet, the title to which subsequently became vested in the plaintiff. In the conveyances, the lots are described as extending west of Second street "121 feet 9 inches to Philip street, 30 feet wide," and bounded " westward by Philip street." The land thus described as Philip street belonged to Young ; but it was not then nor has it since been opened or plotted as a street or entered as such on the city plan. The plaintiff contends that by reason of this, and by the effect of a statute to be referred to later, the land has lost its character as a street, and that the portion involved in this action has reverted to him as abutting owner.

Upon a conveyance of land bounded by a street, unless otherwise provided, the grantee takes to the middle of the street, if the grantor owns thus far, subject to the public easement; and when the street is vacated, this portion of it reverts to the grantee : Paul v. Carver, 24 Pa. 207 ; Bliem v. Daubenspreck, 169 Pa. 282. In the case before us, therefore, the plaintiff's right depends, first, on whether the land described as Philip street was a public street ; and second, whether, if a street, it has been vacated.

The designation of a street as a boundary, in a conveyance of land, whether opened or not, if it be on land of the grantor, is an implied covenant by the grantor that it shall be open for the use of the grantee as a public way, and as a means of access to the land conveyed: Ferguson's Appeal, 117 Pa. 426 ; Dobson v. Hohenadel, 148 Pa. 367 ; and it is also a dedication

of the street to a public use: Quicksall v. Phila., 177 Pa. 301. By force of a covenant implied from its designation as a street bounding the lots conveyed, that part of the grantor's land described as Philip street became potentially a public street, though not opened or plotted as such. The fee remained in the grantor, subject to the easement thus created in favor of the grantees and the public. If appropriated by the proper authorities as a public highway, the grantor would be entitled, as damages, to the value of his interest in it: Gamble v. Philadelphia, 162 Pa. 413; Whitaker v. Phoenixville Boro., 141 Pa. 327; and if vacated as a street it would revert to the abutting owners. There is nothing to show that it has ever been vacated, and, so far as appears from the evidence, its status as a street, given by its designation as such in the conveyances, remains unchanged. The plaintiff, therefore, has no other right in relation to it than arises from the implied covenant.

The appellant, however, further contends that the street is, in law, vacated through the operation of the Act of May 9, 1889, P. L. 173, which provides, "That any street, lane or alley, laid out by any person or persons in any village or town plot or plan of lots, on lands owned by such person or persons, in case the same has not been opened to or used by the public for twenty-one years next after the laying out of the same, shall be and have no force and effect, and shall not be opened without the consent of the owner or owners of the land on which the same has been or shall be laid out."

We do not regard this act as applicable to the case in hand. It does not appear that either the lots sold or the land described as Philip street had been laid out in any town plot or plan of lots, within the terms of the statute. So far as shown, no other lots or streets than these were laid out, and even Philip street appears not to have been laid out, but was named merely as a boundary, for a distance of eighty feet, of the lots sold. This can in no sense be deemed a town plot or plan of lots, as such a plot is generally understood, or within the purview of the act of 1889. But even to regard the lots sold and the street named as forming such a plot would not sustain the plaintiff's contention. The statute is designed for the benefit of the landowner who has laid out a town plot or plan of lots; its purpose being to relieve his land from the servitude arising from a dedi-

cation to public use that has remained unaccepted for twenty-one years: Quicksall v. Phila., 177 Pa. 301; and not to enable the owners of abutting lots to seize upon his interest in the unopened streets. It does not, ipso facto, vacate the streets thus dedicated, nor require the owner to resume his original estate in them, with the consequences arising from conveyances like those in the present case, but leaves this optional with him by providing that they shall not be opened without his consent. He may prefer that they should be opened, from advantages to accrue to other property, and cannot be denied the right to hold them subject to public use, should he choose to do so. To deprive him of this right, by construing the statute as automatically operating to vacate the streets, is in effect taking his property without due process of law, and vesting it in abutting owners; moreover, the title of the statute, " An act relating to unused streets, lanes and alleys," gives no notice, by even the remotest implication, of such a purpose. Hence the constitution denies such an effect to the act. In fact and in law, Philip street still remains as created by the conveyances that gave it legal existence by describing it as the western boundary of the lots conveyed.

Judgment affirmed.