# Hogan *v.* Burneson, Appellant.

*Deeds—Street—Dedication—Call for boundary.*

1. A call in a deed for a street as one of the boundaries of the land conveyed, is not sufficient to establish a dedication of the street to public use, where at the date of the deed no street in point of fact existed either by marks on the ground, or upon any paper, plot or plan or other deed made by the grantors, or for which they were responsible, and where there is no evidence that any such street had ever been used by the public, or accepted as a street by the public authorities.

2. The grantors in a deed may covenant that a forty-foot strip of land contiguous to the land conveyed shall remain open for the benefit of the grantee, although such covenant does not amount to a dedication of the strip as a street for public use.

3. Where, in such a case, a subsequent grantee of the contiguous land fences in a portion of the forty-foot strip and holds it adversely for more than forty years, a successor in title to the grantee of the other land who takes his title after the expiration of the forty years and with full knowledge of the improvements and fences on the strip, has no standing to claim any rights in the strip either as a street or otherwise.

4. Where a grantor in a deed refers to a forty-foot street as a bound-

ary, but no street exists at the time either by dedication or by plan of lots, or otherwise, and long afterwards in an action of trespass the question arises as to whether such a street in fact existed, it is reversible error to introduce in evidence a plan of lots, showing such a street, where it appears that the plan was not made until years after the deed, and that the grantors in the deed were in no wise responsible for it, and had never adopted or ratified it.

Argued May 10, 1910. Appeal, No. 150, April T., 1910, by defendant, from judgment of C. P. Beaver Co., March T., 1908, No. 325, on verdict for plaintiff in case of Thomas C. Hogan v. Robert Burneson. Before HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Trespass to recover damages for the obstruction of an alleged street. Before HOLT, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for six and one-quarter cents. Defendant appealed.

*Errors assigned* were (1) in refusing binding instructions for defendant; (2) in overruling motion for judgment n. o. v. and (3) in overruling objections to the admission in evidence of the Mendenhall plan of lots.

*W. A. McConnell,* with him *J. F. Reed,* for appellant.— The right of the grantees was a private right, which they could lose just the same as any other right of twenty-one years' adverse user and denial of right by the grantors or their successor in title: Spackman v. Steidel, 88 Pa. 453; Lindeman v. Lindsey, 69 Pa. 93; Bombaugh v. Miller, 82 Pa. 203; Erb v. Brown, 69 Pa. 216.

Not having any claim then under the deed, whatever right plaintiff has he must acquire as one of the public. But the public can have no right: because there was no acceptance by the municipal authorities of the street before it was fenced up by the grantor: Com. v. Llewellyn,

14 Pa. Superior Ct. 214; In re Opening of Brooklyn Street, 118 Pa. 640; Quicksall v. Phila., 177 Pa. 301.

Because there was not and could not be any adverse user by the public for twenty-one years of this street, as such, for it was fenced up by the grantor in 1859, and the right of the public could not become complete in less than twenty-one years, for the grantor did nothing, such as moving his fence back, etc., within that twenty-one years.

*James L. Hogan,* of *Buchanan & Hogan,* for appellee.— Deeds recognizing an open street by one having land bordering upon it, are competent evidence of the dedication of said street to public use: Darlington v. Com., 41 Pa. 63; Barnes v. R. R. Co., 27 Pa. Superior Ct. 84; Flersheim v. Baltimore, 85 Md. 489; Palmer v. East River Gas Co., 101 N. Y. Supp. 347.

There was sufficient evidence of use by the public: Weida v. Hanover Twp., 30 Pa. Superior Ct. 424; Com. v. Shoemaker, 14 Pa. Superior Ct. 194; Com. v. Moorehead, 118 Pa. 344; City of Waterloo v. Mill Co., 72 Iowa, 437; Guthrie v. Town of New Haven, 31 Conn. 308; Vorhes v. Incorporated Town of Ackley, 127 Iowa, 658; Simmons v. Cornell, 1 R. I. 519; London & San Francisco Bank v. Oakland, 90 Fed. Repr. 691; Woodruff v. Mining Co., 18 Fed. Repr. 753.

OPINION BY MORRISON, J., October 10, 1910:

This is an action of trespass growing out of the obstruction of an alleged public street in the borough of Bridgewater.

By deed of February 9, 1836, Archibald, David- and Andrew Stewart acquired a strip of land sixty-seven feet wide and 239 feet long, being part of out lot No. 23 in the plan of out lots of the town of Beaver. This out lot contained eight acres and forty-eight perches of land. By a deed of March 31, 1840, the Stewarts conveyed fifty-six feet of the eastern end of said strip of land to the Metho-

dist Episcopal Church of Bridgewater. In this deed the part of out lot No. 23 conveyed was described as bounded on the west by a forty-foot street. The exact language used in the deed is this: "Commencing at the corner of Otter and a forty-foot street on the west, and running along said forty-foot street sixty seven—to the line of a lot belonging to John Muller; thence along the line of said lot fifty six feet to the line of a lot belonging to Rachael Smith on the east; thence along the line of said sixty seven feet to Otter street on the south; thence along Otter street fifty six feet to a forty-foot street, the place of beginning."

The first inquiry naturally arising is, Was there a dedication by said deed of a forty-foot street to a public use, and if so, was such dedication accepted by the public so that the said forty-foot strip of the grantors' land became a public street? Upon the question of dedication there is practically no other evidence than the contents of said deed. There is no evidence that the Stewarts ever made, adopted, ratified, used or referred to any plot or plan of lots showing such a street. Nor is there any evidence that they referred to such a street in any other conveyance, nor is there evidence that such a street was ever laid out on the ground or accepted or adopted by any official act of the public authorities.

An examination of the authorities leads us to the conclusion that the deed from the Stewarts to the Methodist Episcopal Church, without more, was insufficient to establish a dedication of said forty-foot strip of the grantors' land to a public use. Whatever the rule may be in other jurisdictions, we understand the authorities in this state to require for a dedication more than a reference, in a single deed, to a street which in point of fact then neither existed by marks on the ground nor upon any paper, plot or plan for which the grantors were responsible. "The rule that, where a public street or highway is called for as a boundary or monument in a deed, title passes to the grantee to the middle of the highway in the absence of a

reservation or restriction expressed or necessarily implied, applies where the street or highway referred to has been opened or adopted by the law of the municipality, or the deed recognizes it as an existing highway:" Syllabus of Bliem v. Daubenspreck et al., 169 Pa. 282.

The authorities upon which we rely to sustain the proposition that there was not sufficient evidence of dedication to a public use, in the present case, are the following: Com. v. Shoemaker, 14 Pa. Superior Ct. 194; that case in a well-considered opinion by our Brother W. D. PORTER establishes that a sale of a large number of lots by conveyances which call for a frontage upon a certain street amounts to a dedication as between the vendor and his successors in title and all the vendees: Darlington v. Com., 41 Pa. 63; Weida v. Hanover Twp., 30 Pa. Superior Ct. 424; Ferguson's App., 117 Pa. 426; Com. v. Moorehead, 118 Pa. 344; Dobson v. Hohenadel, 148 Pa. 367; Quicksall et al. v. Philadelphia, 177 Pa. 301; 13 Cyc. 463.

The plaintiff's counsel cites and seems to rely with confidence upon Barnes v. Railroad Co., 27 Pa. Superior Ct. 84, for the position that the deed from the Stewarts to the Methodist Episcopal Church dedicated the forty-foot strip of land as a public street. At first blush the opinion in that case, by our late Brother SMITH, would seem to go to that extent, but upon considering that opinion and the cases therein cited, we feel warranted in holding that it was not meant to carry the doctrine of dedication further than is indicated in the cases therein cited, and others which we have above cited. We, therefore, conclude that the learned court below erred in holding that there was sufficient evidence of a dedication of the said forty-foot strip of land to a public use.

But if we are wrong in this the authorities already cited clearly hold that to constitute a public street it must not only be dedicated but the public must accept and adopt it as a public street before it will be stamped as such. In our opinion there was not sufficient evidence to

carry the question to the jury of the acceptance of said land as a public street. The printed testimony fails to show any resolution or official action of the public authorities accepting said street; fails to show that the street was ever marked upon the ground and worked or repaired by authority of the municipal officers. There is some evidence of work so done upon a strip fourteen feet wide along the west boundary of the church lot. But that strip of land has always been conceded, as we understand the testimony, to have been a public alley, and the defendant concedes that much in the present case. The testimony shows that the land west of the church lot was open for a much wider extent than forty feet and that the public used said land as was convenient, but it is not shown that there was any such public use of a defined forty-foot wide strip as would warrant finding that the public had accepted the street even if it had been dedicated to a public use by the owners. The law recognizes, however, that a public street or highway, in the absence of dedication, might be established by prescription and in our opinion, under the testimony, the said forty-foot strip of land did not become a public street unless by prescription. Now on that point it is not claimed that said land was used as a street till after March 31, 1840, and the undisputed evidence shows that in 1859 David Stewart, the then owner of the land west of the church lot, fenced into his inclosure twenty-six feet in width of the said forty-foot strip of land and that said fence was maintained, repaired and in existence down till the bringing of the present suit in 1908; that Stewart and his successors in title had the exclusive use and possession of said land during all that time, using it for gardening purposes and erecting and maintaining several buildings thereon. Therefore, it is clear that so much of the land in question as was so fenced in and occupied never became a public street by prescription.

There is another question in the case which we will briefly notice here. We think the law is well settled that

when a proprietor conveys land as did the Stewarts to the Methodist Episcopal Church, the deed at least amounted to a covenant with the grantee and its successors in title that the land represented as a street would remain open to the use of the owners of said lot as a means of access to their lot. This we think is the law although the deed did not amount to a dedication to a public use. The land west of the church lot belonged to the Stewarts and it was perfectly competent for them in conveying the lot to make a private covenant with their grantees that the forty-foot strip of land mentioned in the deed should remain open for the benefit of the owners of the lot conveyed. This we think was the effect of the deed of March 31, 1840. But what became of the right thus vested in the Methodist Episcopal Church? We have already seen that in 1859 twenty-six feet wide of this land was fenced in by David Stewart and that he and his successors in title held and used the same exclusively, from that time till the bringing of this suit, and therefore a title by adverse possession under the statute of limitations was acquired to said lands which completely extinguished all of the rights therein created by the deed of March 31, 1840. And, therefore, the plaintiff had no right to recover in this case on that ground. There is another reason why we think the plaintiff could not recover in the present action of trespass. He did not purchase the Methodist Episcopal Church lot till 1907, and he was bound to take notice of the fence, improvements and possession of the land in question, and he never acquired any title, possession or right of possession to the land that was fenced in by Stewart. It is true that since the passage of our procedure act of 1887 a plaintiff may recover in trespass, on a proper declaration, for an injury to his reversionary right, although not in the actual possession of the land. But that is not the present case: Logan v. Penna. Tel. Co., 40 Pa. Superior Ct. 644.

The first assignment of error arises on the defendant's point that under all the evidence the verdict must be for

the defendant. The court reserved this point. After verdict in favor of plaintiff counsel for defendant generally excepted to the charge and to the answers to the points and had bills sealed, and then regularly moved for judgment upon the whole record for the defendant non obstante veredicto. This motion was refused and judgment entered on the verdict and a bill of exceptions sealed for the defendant. This gives rise to the second assignment of error. The third assignment of error relates to the admission in evidence of what is called the Mendenhall plan of lots in the borough of Bridgewater. It appears from the evidence that this plan was not made until about five years after the conveyance from the Stewarts which the plaintiff alleged amounted to a dedication of the forty-foot street. The Stewarts were in no wise responsible for said plan and they never adopted or ratified it and it was not referred to in their conveyance because it did not then exist. The court in admitting this plan sought to guard. and limit its effect, but we cannot say that it did not have a controlling effect upon the jury and we are quite clear that it ought not to have been admitted. The plaintiff's counsel seems to have realized that the pinch of his case was the lack of a plot, plan or something to aid, in connection with the deed of March 31, 1840, the dedication contended for and, therefore, he urged with persistence and succeeded in getting the Mendenhall plan before the jury. In admitting it we think the court erred.

The first, second and third assignments of error are sustained and the judgment is reversed and judgment is here entered on the whole record in favor of the defendant non obstante veredicto.