## Holmes et al. *v.* Longwill et al., Appellants.

*Equity—Injunctions— Alleys— Obstruction— Deeds— Covenants—Dedication of streets and alleys.*

In a bill in equity to restrain the obstruction of an alley, it appeared that the action was between private parties claiming under the same predecessor in title. It also appeared that the deeds from the original owner to plaintiffs' predecessors in title contained specific references to the alley.

Under such circumstances, an injunction will be granted, regardless of whether there was an acceptance of the alley by the municipality or by the public generally.

The designation of a street or alley as a boundary, whether opened or not, if it be on the ground of the grantor, is an implied covenant by the grantor that it shall be open for the use of the grantee as a public way and is also a dedication of the street or alley to public use.

When an alley has been created by an original owner, and he subsequently conveys lots abutting thereon by deeds, which call for the alley as a boundary, there is a dedication of the alley to public use.

*Easements—Abandonment.*

Abandonment of a servitude created by deed is not to be inferred from rare user by the grantees.

Argued April 14, 1926. Appeal No. 30, April T., 1926, by defendants, from decree of C. P. Indiana County, Sitting in Equity, March T., 1924, No. 1, in the case of W. D. Holmes, J. Oscar Lydic and Lucy May Hassinger v. Oliver I. Longwill and Robert P. Longwill. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Bill in equity to restrain the obstruction of an alley. Before LANGHAM, P. J.

2    HOLMES et al. *v.* LONGWILL et al., Appellants.

Statement of Facts—Opinion of the Court.    [89 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

The court granted a perpetual injunction enjoining defendants from obstructing the alley. Defendants appealed.

*Error assigned,* among others, was the decree of the court.

*Ernest Stewart,* and with him *Harry W. Earhart,* for appellant.—The alley was never dedicated to or accepted by the public: Hogan v. Burneson, 44 Pa. Superior Ct. 409; Fitzell v. City of Philadelphia, 211 Pa. 1; D. A. R. v. P. R .R., 229 Pa. 636; Ehret v. Gunn, 166 Pa. 384.

*D. B. Taylor,* for appellee.—The deed by the original owner to plaintiffs' predecessors in title contained ample authority that the alley should be opened to the use of the grantee: Ehret v. Gunn, 166 Pa. 384; Syllabus No. 2, Transue v. Sell, 105 Pa. 604; O'Donnell v. Pittsburgh, 234 Pa. 401; Tesson v. Porter Co., 238 Pa. 504; Gailey v. Wilkinsburg, 283 Pa. 381.

OPINION BY CUNNINGHAM, J., July 8, 1926:

The appellants were the defendants in the court below in a bill in equity, filed December 1, 1923, for an injunction to enjoin them from interfering with the plaintiffs in their use and enjoyment of an alleged alley, designated as Fleming Alley, in the Borough of Indiana, Pa. The plaintiffs in the court below, appellees herein, are the owners respectively of lots Nos. 24, 25 and 26 in the Garman plan of lots in said borough and it was contended by them that their lots which front on the east side of Wayne Avenue, a north and south street in said borough, extend eastwardly to an alley in the rear designated as Fleming Alley and that said alley extends northwardly to Grant

Street, an east and west street, so that they are entitled to the use and enjoyment thereof from the rear of their said lots to said Grant Street.

It was charged in the bill that appellants commenced the construction of a dwelling house on said northern end of said alley near the intersection thereof with Grant Street and that the completion of said building **would close** the north end of said alley and prevent appellees from using the same. A preliminary injunction was granted which was made perpetual by the final decree entered January 12, 1925. The assignments of error, although three in number, raise the single question whether the court below erred in finding that there is an alley known as Fleming Alley in the rear of appellees' lots and extending to Grant Street, to the use and enjoyment of which they are entitled.

An examination of the evidence adduced by the parties indicates that the material facts are as follows: Both sides claim under Peter Garman who was the owner of the entire tract involved in this case prior to 1894. In that year Garman conveyed to Henry J. Altsman a lot in the Borough of Indiana, beginning at a post at the southeast corner of said Wayne Avenue and Grant Street; thence south along Wayne Avenue 100 feet to a post; thence east 160 feet and 5 inches to Fleming Alley; thence along Fleming Alley 151 feet and 6 inches to Grant Street; thence west along Grant Street 106 feet and 6 inches to a post; thence west along said Grant Street 74 feet and 9 inches to the place of beginning.

In 1900 the said Peter Garman laid out the tract (of which the above mentioned corner lot was a part), in a plan of lots, which plan was recorded in Indiana County in 1902. On this plan five lots were laid out fronting on said Wayne Avenue and lying south of said corner lot, which lots were numbered 24, 25, 26,

27 and 28, and of these lots Nos. 24, 25 and 26 are now owned by the appellees.

On said plan, in the rear of this corner lot and of the five lots there is shown a solid line, and approximately 25 feet to the east of said solid line, as indicated by the scale of the plan, there is shown thereon a broken line, but no name is given to the strip of land between said lines in the rear of said corner lot and the lots of the appellees to the south thereof.

On said plan the length of said lot No. 24 from Wayne Avenue to the said solid line in the rear is 160 feet and 5 inches, corresponding with the southern line of said corner lot. By deed dated March 19, 1903, the said Garman conveyed a lot to the said Altsman, which lot is described in said conveyance as beginning at the corner of Fleming Alley and Grant Street, running east 106 feet, more or less, to the land of other owners; thence along such lands in a southern direction about 249 feet; thence along same due west 291 feet, more or less, to Fleming Alley; thence along Fleming Alley due north to the place of beginning, a distance of 355 feet, more or less. This lot is manifestly lot No. 29 in said plan but no reference is made in said deed to said plan.

It is to be observed in connection with these conveyances that the said Garman, the owner of the entire tract, first conveyed said corner lot to Altsman in 1894 before he had laid out or recorded any plan of lots and described said lot as extending from Wayne Avenue on the west to Fleming Alley in the rear, and then in 1903, after he had laid out and recorded said plan, conveyed to said Altsman the lot last above described, lying to the east of said corner lot and fronting on Grant Street, and in the deed therefor described said lot as being bounded on the west by said Fleming Alley, thereby indicating his clear intention to create Fleming Alley in the rear of said corner lot and along

the western side of the lot marked No. 29 in said plan. The same intent is indicated by the placing of said broken line on said plan.

In and by said deed from Garman to Altsman in 1903 there was also conveyed another tract of land fronting 250 feet on Wayne Avenue and extending south 160 feet and 5 inches to said Fleming Alley in the rear, which tract is immediately south of said corner lot. Although the description of this tract is somewhat confusing it is evident that it is the tract comprising the five fifty-foot lots lying immediately south of the corner lot conveyed to Altsman in 1894 and designated on said plan as lots 24, 25, 26, 27 and 28 in said plan. No reference is made in said deed to said plan but it is apparent that the appellees are the owners respectively through intervening conveyances of lots laid out by Garman and described by him as having said Fleming Alley in the rear. Immediately after purchasing these lots Altsman conveyed that portion of the tract comprising lots Nos. 25, 26, 27 and 28 to Lowry and Young. This deed makes no reference to the plan but calls for Fleming Alley in the rear of said lots.

Altsman having become a bankrupt, conveyances were made by his trustees of said original corner lot to J. L. Peterman and of said lot No. 29 to T. M. Shearer by deeds which contain no reference to said Fleming Alley, and lot No. 24 was also conveyed by said trustees without reference to said alley. The title to said lot No. 29 became vested in Byers and McLaughlin in 1921 and in 1922 they conveyed to said Peterman a triangular-shaped portion of said tract, beginning at the southeast corner of Grant Street and Fleming Alley; thence south through what was originally lot No. 29 about 100 feet; thence west about 75 feet, apparently to the east side of Fleming Alley; thence north along said Fleming Alley to Grant Street.

The said Peterman, having acquired said original corner lot from the trustees of Altsman without any reference in the deed to said Fleming Alley, undertook in 1923 to convey to appellants, in addition to the said triangular tract above mentioned, the northern end of Fleming Alley and a small triangular-shaped portion out of the northeast corner of said original corner lot, thus creating a lot fronting 58 feet on the south side of Grant Street and extending southeastwardly approximately 100 feet in depth, which lot includes the northern end of said Fleming Alley and said triangular-shaped tracts to the east and west of said alley. Upon the portion of said lot which includes the northern end of Fleming Alley appellants began the erection of the building in question.

It is apparent that the only difficulty in applying established principles of law to the facts in this case arises out of the circumstance that the original owner of all the tracts involved conveyed said original corner lot to Altsman before he had laid out and recorded his plan of lots and conveyed the tract which is lot No. 29 in said plan to Altsman after said plan had been laid out and recorded, but without any specific reference in the deed to the plan. In the aspect of the case most favorable to appellants, and bearing in mind that none of the deeds involved expressly refer to the plan as laid out and recorded or identify the lots conveyed as being certain numbered lots in said plan, it is still clear that Garman, the original owner in this case, created Fleming Alley as an easement to the said corner lot in 1894 and to the lots herein referred to as Nos. 29, 24, 25, 26, 27 and 28 in 1903, and that Altsman, his successor in title, accepted this easement and recognized and confirmed it in such conveyances as he made prior to his bankruptcy.

It is true that Altsman's trustees in bankruptcy made conveyances which apparently ignored the easement

but as Altsman held subject to it his trustees could convey no greater estate than he had. As we view this case, the absence in the conveyances of specific references to the Garman plan of lots renders inapplicable the authorities holding that where a grantor refers in his deed to a plan or plot filed by him and showing thereon streets and alleys such reference has the effect of making that plan a part of the deed and amounts to a dedication of the streets and alleys to the use of the grantee in particular and the public generally as a public way. Here the evidence of the alleged dedication is to be found rather in the various calls in the conveyances to which we have referred for Fleming Alley as a boundary of the lots in question and in the fact that Garman made and recorded a plan showing the location of numbered lots with courses and distances indicated thereon, with which the descriptions in the deeds correspond.

The present case is ruled rather by the authorities which hold that the designation of a street or alley as a boundary in a conveyance of land, whether opened or not, if it be on ground of the grantor, is an implied covenant by the grantor that it shall be open for the use of the grantee as a public way and is also a dedication of the street or alley to public use; and that where an alley has been created by an original owner and he subsequently conveys lots abutting thereon by deeds which call for the alley as a boundary, there is a dedication of the alley to public use.

Again, this case is distinguishable on the question of dedication from the case of Hogan v. Burneson, 44 Pa. Superior Ct. 409, in which this court held in an opinion by MORRISON, J., that a reference in a single deed to a forty-foot street as a boundary, which street had no existence in point of fact, either by marks on the ground or upon any paper, plot or plan, or other deed made by the grantors, and which street was never

used by the public or accepted as a street by the public authorities, was not sufficient to amount to a dedication thereof. In the present case, as we have seen, there were a number of deeds calling for Fleming Alley as a boundary and a plan was recorded upon which it was indicated.

In the course of the opinion of this court by Smith, J., in Barnes v. Railroad Co., 27 Pa. Superior Ct. 84, the following language applicable to the facts in this case was used: "The designation of a street as a boundary, in a conveyance of land, whether opened or not, if it be on land of the grantor, is an implied covenant by the grantor that it shall be open for the use of the grantee as a public way, and as a means of access to the land conveyed: Ferguson's Appeal, 117 Pa. 426; Dobson v. Hohenadel, 148 Pa. 367; and it is also a dedication of the street to a public use; Quicksall v. Phila. 177 Pa. 301. By force of a covenant implied from its designation as a street bounding the lots conveyed, that part of the grantor's land described as Philip Street become potentially a public street, though not opened or plotted as such. The fee remained in the grantor, subject to the easement thus created in favor of the grantees and the public. If appropriated by the proper authorities as a public highway, the grantor would be entitled, as damages, to the value of his interest in it: Gamble v. Philadelphia, 162 Pa. 413; Whitaker v. Phoenixville Boro., 141 Pa. 327; and if vacated as a street it would revert to the abutting owners."

Moreover, in the case of Maier v. Walborn and High, 84 Pa. Superior Ct. 522, this question was fully considered in an opinion by Keller, J. In the case cited it was held by the lower court that the plotting and opening of a certain alley by the original owner in 1868 and his subsequent conveyance of all the lots abutting thereon by deeds which call for the alley as

a boundary operated as a dedication of the alley to
public use. In affirming this conclusion this court
said: "The alley was laid out by Joseph Spuhler for
the full depth of his land. It was not referred to in
any of the deeds as a private or common alley. No
rights or privileges in it were specifically granted by
deed to any of the purchasers of lots abutting on it.
In none of these conveyances was there any intima-
tion that the use of the alley was to be restricted to
those owning property abutting on it who had acquired
their title through Joseph Spuhler; it was named as
a boundary, nothing more." After pointing out that
the alley in the case cited had been used by the public
just as any alley would be so used except that it was
closed at one end, Judge KELLER reviewed the authori-
ties at length and it is therefore unnecessary for us
to repeat what is there said.

In our opinion there is sufficient evidence in this
case of the dedication of Fleming Alley, but such dedi-
cation alone would not be sufficient to support the de-
cree. There is no evidence of the acceptance of the
dedication by the municipal authorities, either form-
ally or by the expenditure of public money upon it,
although it does appear from the evidence that
several years ago the borough constructed an approach
from Grant Street into the upper end of the alley, nor
is their any evidence of acceptance by the public gen-
erally.

We are not particularly concerned, however, in this
case with the question of an acceptance by municipal
authorities or the general public. This is a suit be-
tween private parties claiming under the same prede-
cessor in title who, as we have seen, created the alley
in question when he conveyed the land on both sides
of it, at least as an easement for the benefit of Altsman
and his successors in title, and whether the public have
the right to insist upon the opening of this alley as a

public highway is therefore a matter of no importance here: Twibill v. Railway Companies, 3 Pa. Superior Ct. 487. The evidence with respect to user by Garman's successors in title of the alley in question is conflicting and meager but there is evidence that some use was made of this alley northwardly toward Grant Street during the less than twenty-one year period of time elapsing between the conveyance in 1903 from Garman to Altsman and the bringing of the present action. Abandonment of a servitude created by deed is not to be inferred from rare user by the grantees: Bombaugh v. Miller, 82 Pa. 203; Twibill v. Railway Companies, supra. The conclusions which we have reached on this branch of the case are in full accord with the opinion of this court in Hogan v. Burneson, supra. In so far as the equities of this case are concerned it may not be improper to note that the evidence shows that appellants acquired the lot in question with notice of the contention of the appellees that Fleming Alley extended through that portion of the same upon which they began the construction of their building. The court below based its conclusion to some extent upon the authorities applicable to cases of the sale of lots under deeds referring expressly to a plan showing streets and alleys thereon. Although, as above indicated, we do not regard these authorities as applicable to the facts in this case we have arrived at the conclusion that the decree of the court below should be affirmed for the reasons which we have stated in this opinion.

The assignments of error are accordingly dismissed and the decree affirmed.